Lonnie Sylvester LARSON, Petitioner,

v.

Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. 72–67–E.

United States District Court,
N. D. West Virginia.

Dec. 8, 1972.

. Richard E. Hardison, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner in the above styled civil action is presently incarcerated in the West Virginia State Penitentiary at Moundsville, West Virginia, serving a sentence of not less than one nor more than twenty years imposed by the Circuit Court of Morgan County, West Virginia, on January 18, 1971, upon Petitioner's plea of guilty on January 5, 1971, to a charge of burglary. The effective sentence date was September 16, 1970, the date Petitioner was incarcerated in the county jail. Thus Petitioner was apparently given full credit for all "jail time" spent awaiting trial, a statutory discretion of the trial court.

Utilizing the provisions of 28 U.S.C. § 2241 et seq., Petitioner seeks federal habeas corpus relief in this Court.

Petitioner presents three grounds for relief. The first concerns the illegality of his sentence and the second goes to the validity of a prior conviction and sentence on which he was given additional confinement under the Habitual Criminal statute. It is apparent from the face of his petition that these two grounds have never been presented; in any manner, to any state court. Thus, as to these grounds, Petitioner has failed

to exhaust state remedies as required by 28 U.S.C. § 2254(b) and (c), and relief must be denied for this reason.

Petitioner's third ground for relief, which is properly before the Court because of Petitioner's earlier exhaustion of available state remedies, contends that his plea of guilty in the state court, to the burglary charge, "was involunatrily [sic] given to the court under a threat of a more serious sentence if I entered a plea of not guilty. It was stated by the district attorney and by my counsel that the state would file an information alleging only *one* prior felony conviction if I entered a plea of guilty to indictment #1, and well knowing that I had 2 prior felony convictions."

█ It is now established without question that a guilty plea, in order to be valid, must be a voluntary and intelligent act of the defendant. McMann v. Richardson, 397 U.S. 759, 772, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). It must be a knowing act, done with sufficient awareness of the "relevant circumstance and likely consequences." Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). And such a plea if "induced by promises or threats which deprive it of the character of a voluntary act, is void." Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962).

Moreover, most guilty pleas are entered following a plea bargaining arrangement. If properly done, plea bargaining is an efficient and valuable tool in the administration of justice. But as this Court said on an earlier occasion:

> The important thing is not that there shall be no "deal" or "bargain", but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced.

Raleigh v. Coiner, 302 F.Supp. 1151, 1158 (N.D.W.Va.1969).

█ The essence of the bargain must be made known and the promise must be kept. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

█ In the instant case the Court is faced with a unique situation. A fairly complete state court record is available. While state courts are not required to enter into arraignment inquiry to the depth and extent required of United States District Courts under Rule 11, Federal Rules of Criminal Procedure, they must nevertheless determine on the record if the plea was intelligently and voluntarily entered. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Here the record indicates that before Petitioner's plea was accepted the judge inquired of Petitioner whether or not he understood the consequences of his plea. To a series of questions, Petitioner affirmatively answered that he knew he had a constitutional right to a jury trial, to confront all witnesses testifying against him, and that he had the right to remain silent and have the state prove his guilt beyond a reasonable doubt. He stated that he did not wish to take advantage of any of these rights. When asked if he had been promised a lesser sentence or threatened, Petitioner answered negatively. The judge then propounded a series of questions to Petitioner concerning the charges against him. His answers outlined the manner in which the crime had been committed. Finally the Court asked if any plea negotiations had occurred. The details were thoroughly explored in open court in the presence of all concerned and interested parties.

It appears that Petitioner agreed to plead guilty and the state agreed to file an information as to one prior felony conviction, under the Habitual Criminal statute. It appears that another prior conviction may have been a possible addition to the state recidivist proceedings. If Petitioner had pled not guilty and been convicted at trial, the state would have filed both prior convictions. In such a circumstance Petitioner could have received a life sentence instead of

the five additional years that resulted from the action that occurred.

Thus we have on the state court record every indication that Petitioner's plea was voluntary. From his responses to the Court, we know there was a factual basis for his plea of guilty. And from the colloquy with the Court it would appear that Petitioner understood the consequences of his plea and the effect of the plea negotiations. From the record, Petitioner made a reasoned decision based on knowledge of the available alternatives. He talked with his attorney, assessed his chances at trial, and decided that accepting the plea bargain was the best way to minimize the length of a prison term.

All of the foregoing this Court took from the record itself without an evidentiary hearing. Thus, we are faced with the question of whether the record itself is sufficient for the denial of relief. In the circumstances of this case, the Court is of the opinion that the record here is adequate and sufficient for final action.

The Court is aware that when an involuntary plea is alleged there is always the possibility of impermissible off the record pressures. The Court is also mindful of a number of recent decisions which outline the procedure a trial judge must employ before accepting a guilty plea. The thrust of these decisions seems to be that, absent unusual circumstances, if the Court determines after asking certain questions on the record that the plea was voluntary, then the state court record will be dispositive of post conviction allegations of coercion.

In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court imposed on the federal courts the duty of strict compliance with Federal Rules of Criminal Procedure 11. Appropos to the issue here the Court said:

We thus conclude that prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea. Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking. *Id.* at 471–472, 89 S.Ct. at 1173–1174.

While Rule 11 requirements are not imposed on state courts, as earlier noted, such courts are free to utilize Rule 11 type inquiries, and when they record more detailed arraignment procedures and inquiries, the task of the federal courts in reviewing the voluntariness of guilty pleas in state courts, under federal constitutional claims, is made easier.

The United States Court of Appeals for the Fourth Circuit has indicated that a hearing is not necessary where Rule 11 type inquiries have been made and "[t]he only asserted factual basis for now invalidating the plea is a vague and conclusory assertion" of influence to plead guilty. Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970). Petitioner claims at one point before this Court that his guilty plea was "given to the Court under the threat of a more severe sentence if I entered a plea of not guilty." This "threat" as Petitioner calls it, was the substance of the plea bargain. And a plea bargain, if properly conducted, is not to be construed as a threat.

In a recent decision, the United States Court of Appeals for the Fourth

Circuit reiterated its view that plea bargaining ought to be publicly disclosed. Thus accomplished, subsequent inquiry would be precluded. Walters v. Harris, 460 F.2d 988 (4th Cir. 1972). Here the promise of the prosecutor was disclosed and Petitioner agreed to it. The promise was not one that could not be kept, rather it was kept. Petitioner disclosed the factual basis for his plea, and every indication points to the conclusion that he made a reasoned, valid decision to accept the plea bargain and plead guilty. Absent any allegation of impermissible coercion, other than that alleged above, this Court does not feel that an evidentiary hearing would serve the ends of justice in this case.