885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur MOATES, Defendant-Appellant.
 No. 88-7658.
 United States Court of Appeals, Fourth Circuit.
 Argued April 11, 1989.
Decided Sept. 6, 1989.
 
 Richard Fisher Spencer, Jr. for appellant.
 John William McIntosh, Assistant United States Attorney (Vinton D. Lide, United States Attorney on brief) for appellee.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Arthur Moates appeals the district court's denial of his writ of error coram nobis. For the reasons discussed below, we affirm the decision of the district court.
 
 I.
 
 2
 In May 1986, a grand jury in the District of South Carolina returned a 22 count indictment charging the defendant-appellant Arthur Moates and others with one count of conspiracy pursuant to 21 U.S.C. Sec. 846, twenty counts of using the telephone in furtherance of drug activities pursuant to 21 U.S.C. Sec. 843(b), and one count of possession of cocaine with intent to distribute pursuant to 21 U.S.C. Sec. 841(a)(1). After a three-day jury trial, Moates was found guilty on 18 counts. He was sentenced to a total of 104 years in prison, fined $4,500,000.00, and assessed a $900.00 special assessment for each count of the indictment for which he was found guilty.
 
 
 3
 After Moates' motion for a new trial was denied, he appealed to this court. His conviction was affirmed. United States v. Moates, 822 F.2d 56 (4th Cir.1987) (table). In February 1988, Moates moved the district court for a reduction of sentence pursuant to Fed.R.Crim.P. 35(b). This motion was denied in March 1988. Moates then filed a pro se petition for a writ of error coram nobis pursuant to 28 U.S.C. Sec. 1651. Moates attached to his writ of error coram nobis an affidavit by an informant, Sophia Floyd, that stated that she made false statements to Greenville City Detective Harold Atkins, who testified against Moates at trial, and that Atkins should have known these statements to be false. Moates also claimed that the Assistant United States Attorney knew that Floyd's statements to Atkins were false but permitted Atkins to testify about them during the grand jury proceedings and during the appellant's trial. Appellant, by filing his writ of error coram nobis, sought an evidentiary hearing on the allegedly false statements.
 
 
 4
 In May 1988, the district judge who had presided over Moates' trial denied the writ, viewing it "as more properly a motion for correction of sentence pursuant to Fed.R. [Crim].P. 35(a)." The district court interpreted the writ to mean that Moates was claiming that his indictment was the result of perjured testimony. Relying on United States v. Calandra, 414 U.S. 338 (1974), wherein the Supreme Court held that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence," Id. at 345, the district court denied Moates' petition. Moates appeals the district court's decision.
 
 II.
 
 5
 We have reviewed the writ of error coram nobis and hold that the district court erred by treating Moates' pro se petition as one for a correction of sentence under Rule 35. In our opinion, the district court, faced with this pro se petition, should have treated it as a motion to vacate judgment and sentence pursuant to 28 U.S.C. Sec. 2255, and not a motion pursuant to Fed.R.Crim.P. 35. Nonetheless, on the record, we feel that there was no reason to grant the petition. Consequently, we affirm the decision of the district court, but for reasons different than those stated below.
 
 III.
 
 6
 As a preliminary matter, the district court should not have considered Moates' petition for a writ of coram nobis as a motion for correction of sentence under Fed.R.Crim.P. 35(a) but rather it should have considered it as an application for post-conviction relief under 28 U.S.C. Sec. 2255.[1] The district court stated: "Upon review of this matter, the court is of the opinion that the sentence imposed was not illegal nor was it imposed in an illegal manner." It is clear to us, however, that appellant's petition was directed at the constitutionality of the judgment and not at the legality of the sentence.[2]
 
 
 7
 Nonetheless, we believe that regardless of how we characterize appellant's petition, the district court was correct in denying it. A review of the record indicates that Moates' allegations of perjury do not stem from newly discovered evidence. In fact, this court already has held that Agent Atkins' testimony at trial regarding Sophia Floyd's hearsay statements was harmless error because the evidence was overwhelming as to Moates' participation in the crimes for which he was charged. United States v. Moates, No. 86-5643, (4th Cir. June 18, 1987). We find Moates' other allegations of perjury to be equally without merit.
 
 
 8
 In sum, we hold that the district court correctly dismissed appellant's petition, albeit for the wrong reasons. We note that even if the district court had construed appellant's writ as an application for post-conviction relief under 28 U.S.C. Sec. 2255, the appellant would not be entitled to relief. See Raines v. United States, 423 F.2d 526, 529 (4th Cir.1970) ("where the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate.") (Emphasis in original).
 
 IV.
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 We note that we generally hold pro se petitions to a less stringent standard than pleadings filed by attorneys. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Moreover, we have in the past treated a petition for a writ of error coram nobis more properly as a motion under Section 2255. See, e.g., Raines v. United States, 423 F.2d 526, 528 n. 1 (4th Cir.1970)
 
 
 [2]
 See, e.g., Hill v. United States, 368 U.S. 424, 430 (1962) ("the narrow function of [Fed.R.Crim.P.] 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occuring at the trial or other proceedings prior to the imposition of sentence.") (Emphasis in original)