948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William NARDONE, Defendant-Appellant.
 No. 89-6321.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1991.
Decided Dec. 3, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-82-20036-1)
 Argued: John B. Boatwright, III, Boatwright & Linka, Richmond, Va., for appellant; Mary Stanley Feinberg, Assistant United States Attorney, Charleston, W.Va., for appellee.
 On Brief: Michael W. Carey, United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, Circuit Judge, BUTZNER, Senior Circuit Judge, and REBECCA BEACH SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 William Nardone appeals from a judgment of the district court denying his motion for relief under 28 U.S.C. § 2255. We affirm.
 
 
 2
 This motion is the latest in a series of efforts by Nardone to challenge his conviction and imprisonment for conspiring to violate the federal tax laws and causing the filing of fraudulent tax returns. An eleven count indictment was returned against Nardone on July 12, 1982. Almost two years later, a jury found Nardone guilty on all counts and he was sentenced to a total of fifteen years of imprisonment. This conviction was affirmed on appeal. United States v. Nardone, No. 84-5220 (4th Cir. Oct. 4, 1985). Nardone subsequently filed motions for a new trial, for clarification of the order denying a new trial, for reduction of his sentence, and for release on bond. The district court denied these motions and this denial was affirmed in a consolidated appeal. United States v. Nardone, Nos. 87-6005, 876056, 87-7050, 87-7162 (4th Cir. June 6, 1988). Nardone also filed an original petition for habeas corpus relief in this court, as well as related motions for bail and a new appeal. We dismissed the petition without prejudice to Nardone's pursuit of a section 2255 motion in the proper sentencing court. In re Nardone, No. 87-6133, 87-6675 (4th Cir. March 4, 1988). In the same opinion, we denied Nardone's motions for bail and for a new appeal, and affirmed the district court's denial of Nardone's motion to amend sentence.
 
 
 3
 The motion presently before us was filed in the district court on March 22, 1988 and was referred to a United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). Nardone alleged that his conviction and sentencing were in violation of the fifth, sixth, and fourteenth amendments.[1] The magistrate recommended that Nardone's motion be denied. On July 18, 1989, the district court concurred and denied Nardone's section 2255 motion. This appeal followed.
 
 
 4
 The main allegation underlying Nardone's claim is that the Assistant United States Attorney who conducted the prosecution in his case altered the indictment returned against Nardone by the grand jury. Nardone claims that major changes were made in the indictment for use at his trial. He contends that these changes altered essential elements of the charges against him without resubmission of the indictment to the grand jury. The United States, in turn, acknowledges that, at the direction of the district court, it redacted the indictment for use at the separate trial of W. Garland Nealy, one of Nardone's codefendants. The United States further concedes that this redacted indictment was delivered to Nardone's defense counsel several days before Nardone's trial as part of a trial notebook. It contends, however, that the redacted version of the indictment was never given to the jurors in Nardone's trial; only the original indictment was presented to them. In support of this contention, an affidavit was submitted from the Deputy Clerk of the district court in which Nardone was tried stating that she had examined the notebooks that had been used by the jury in Nardone's trial and then stored in a locked evidence room. She stated that these notebooks contained only the original, unredacted form of the indictment.
 
 
 5
 The magistrate in the case at hand declined to make factual findings concerning who may have used the redacted version of the indictment during Nardone's trial. His report, which the district court accepted in its entirety, instead stated that "even if [Nardone's] allegations are true, the changes in the indictment did not effectively modify the essential elements in the offenses charged."
 
 
 6
 The affidavit of the deputy clerk with respect to the jury's notebooks containing the indictment is unrefuted and conclusively establishes that the record in this case shows that the jury did not consider any indictment except the original unredacted indictment, which had neither been changed nor added to. That, in itself, when we consider that the trial judge also did not use the redacted indictment, is a complete defense to all of Nardone's charges made here except with respect to ineffective representation of counsel, which arguably might be affected by a redaction or change to the indictment in the possession of Nardone's attorneys at the time of the trial.[2]
 
 
 7
 Alternately, there is no merit to the contention in any event, and we repeat for emphasis that we now consider the indictment as it appeared in the hands of the defense attorneys, not as it was used by the court and jury at the trial. In United States v. Coward, 669 F.2d 180 (4th Cir.), cert. denied, 456 U.S. 946 (1982), we noted the general rule forbidding amendment of an indictment by the court or prosecutor. See Ex Parte Bain, 121 U.S. 1 (1887). The Supreme Court, however, has indicated that the fifth amendment's grand jury guarantee is not violated by an amendment that "drop[s] from an indictment those allegations that are unnecessary to an offense that is clearly contained within it, ..." United States v. Miller, 471 U.S. 130, 144 (1985). Conversely, we have stated that we prohibited "any amendment that transforms an indictment from one that does not state an offense into one that does" and "any change that tends to increase the defendant's burden at trial." Coward, 669 F.2d at 184 (quoting United States v. Milestone, 626 F.2d 264, 269 (3d Cir.), cert. denied, 449 U.S. 920 (1980).
 
 
 8
 In the present case, the redaction of the indictment removed all references to James W. Reed, a co-defendant of Nardone's who had been acquitted. Also removed were references to three corporate entities, of which Nardone was alleged to be the sole stockholder, and a number of overt acts in furtherance of the conspiracy to defraud the United States. In addition, one paragraph was added to the indictment. Miller having disposed of the redaction claims, Nardone now directs the greater part of his argument to this added paragraph, contending that the addition "substantially altered essential elements of the charges" brought against him. The paragraph in question appears to have been added as a substitute paraphrasing numerous deleted paragraphs. The deleted paragraphs had recited that Nardone caused each of ten separate limited partnerships to pay to Nardone's corporation $350,000 in cash and $1.4 million in a non-recourse note. The new paragraph, in turn, consolidated these separate paragraphs into a single allegation that Nardone's corporation had received payments of $1.75 million from each of the limited partnerships. Nardone now argues that because the nonrecourse notes were enforceable only against coal to be mined by the various limited partnerships and because Nardone was alleged to have intended that no coal be mined from these mines, it was a material change to allege that he had been paid $1.75 million. Whatever the merits of this argument, we note that the original indictment returned against Nardone contained, in two separate paragraphs, the allegation that each of the ten limited partnerships paid an advance royalty in the amount of $1.75 million to Nardone's corporation, as well as charging the same were fraudulent deductions in a third. The added paragraph, therefore, merely repeated an allegation that had been presented by the original indictment. While Nardone may object to the theory underlying these allegations, the theory was presented in the original indictment and his claim that the new paragraph significantly altered the charges against him is without merit.
 
 
 9
 Our review of the indictment leads us to agree with the district court's denial of the petitioner's fifth amendment claim. Nardone has failed to show that there was "an amendment that transforms an indictment that does not state an offense into one that does" and has pointed to nothing in the redacted indictment that increased his burden at trial.
 
 
 10
 With regard to Nardone's allegation of ineffective assistance of counsel, we are of opinion that the district court was also correct in rejecting this claim. Nardone has not shown that his counsel's performance was hindered by receiving a redacted indictment on the eve of trial, when the original form of the indictment had been available for almost two years. We therefore affirm the denial of Nardone's sixth amendment claim on the basis of his failure to make a showing of prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 11
 Nardone attempts to excuse this failure by arguing that he was improperly denied an evidentiary hearing that might have allowed him to explore possible prejudice. Under 28 U.S.C. § 2255, "unless the motion [for relief] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon...." The decision concerning whether to hold such a hearing is committed to the sound discretion of the district court. Raines v. United States, 423 F.2d 526, 530 (4th Cir.1970). In the present case, the magistrate and district court reviewed an expanded record including letters, documentary evidence, and affidavits. See Raines, 423 F.2d at 529-30. This record included an affidavit from Nardone's counsel at trial and this affidavit contained no indication that prejudice resulted from any use of the redacted indictment. The district court concluded that an evidentiary hearing was not necessary to resolve the claims raised by Nardone and, in so doing, the court in our opinion acted within its "discretion to exercise [its] common sense." Marchibroda v. United States, 368 U.S. 487, 495 (1962). We therefore find no error in the manner in which the district court considered and denied Nardone's claim.
 
 
 12
 Accordingly, the district court's judgment denying Nardone's claim for relief under 28 U.S.C. § 2255 is AFFIRMED.
 
 
 
 [1]
 The magistrate and district court did not specifically address Nardone's fourteenth amendment claim and no issue concerning this claim has been raised before us on appeal
 
 
 [2]
 We have reviewed the 53-page jury charge, and we are satisfied beyond any doubt that the charge did not even remotely refer to the added paragraph of the redacted indictment. In two instances, at Tr. 1070 and Tr. 1071, the court referred to the indictment's allegations that the defendants had fraudulently reported deductions for payments of advance royalties in the amount of $1.75 million for each named partnership. Nardone's contention that these references must have been based on the added paragraph in the redacted indictment is simply incorrect. These allegations, paraphrased in the added paragraph, appear throughout the original indictment. See Appendix at 30, 34, 43. In sum, there is simply no factual underpining for Nardone's claims as they relate to the use of the redacted indictment by the judge or jury during the trial