**Roy Edward RAINES, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**Michael PASTERCHIK, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**Nos. 12404, 13028.**

United States Court of Appeals,
Fourth Circuit.

Argued May 5, 1969.

Decided March 23, 1970.

James A. Baber, III, Richmond, Va. (Court-appointed counsel) [Bremner,

Byrne, Baber & Somma, Richmond, on the brief], for appellants.

William C. Breckinridge, Asst. U. S. Atty., for appellee in No. 12,404.

Thomas P. Simpson, Asst. U. S. Atty. (Klyde Robinson, U. S. Atty., on the brief), for appellee in No. 13,028.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

Roy Edward Raines and Michael Pasterchik appeal from the orders of two district courts denying them, without hearings, relief under 28 U.S.C. § 2255.[1] Each appellant's case presents the question of whether, despite strict compliance with Rule 11, Federal Rules of Criminal Procedure, an evidentiary hearing is required in a Section 2255 proceeding where the movant alleges facts outside the record going to the voluntariness of his guilty plea. Because of this common issue, the two cases were consolidated on appeal. The motions and the files and records in each of these cases conclusively show that neither appellant is entitled to relief. It was, therefore, not error for the district courts to refuse hearings and act summarily, and the orders of dismissal will be affirmed.

### PASTERCHIK

On December 18, 1959, Michael Pasterchik was arrested by FBI agents in Florence County, South Carolina, while in possession of an automobile stolen in Missouri. Shortly after his arrest, he expressed to a probation officer his desire to plead guilty to a violation of 18 U.S.C. § 2312. He waived preliminary hearing and was held pending trial without bail. Before trial Pasterchik wrote two letters, on January 25, 1959, and on January 29, 1959, to the United States Attorney's office stating his intention to plead guilty but threatening to change his plea unless he be tried immediately. The Assistant United States Attorney responded by letter on January 29, 1959, saying that the government had "no interest whatever in whether or not you intend to plead guilty or not guilty. As a matter of fact we do not want you to plead guilty if in fact you are not guilty * * *." Pasterchik now alleges, without corroboration, that just prior to his arraignment on February 9, 1959, the same Assistant United States Attorney promised him a sentence of "two years probation" if he agreed to plead guilty.

At his arraignment Pasterchik waived his right to counsel and entered a plea of guilty. The trial court inquired into the voluntariness of this waiver and plea in the manner then required by Rule 11, Federal Rules of Criminal Procedure. See Gundlach v. United States, 262 F.2d 72 (4th Cir. 1958). Pasterchik now contends that his waiver and plea were the result of explicit instructions given him by the Assistant United States Attorney. He does not attack the facial propriety of his arraignment, but alleges that his answers to the court's questions were given in accordance with those instructions.

The trial judge imposed an active four-year sentence; whereupon, Pasterchik informed the court that he had been in jail two months awaiting trial and requested that he be given credit for that time. The trial judge then reduced the sentence to three years. The appellant made no comment concerning the alleged bargain with the Assistant United States Attorney. Nine years later he claims that his plea of guilty was involuntary.

### RAINES

On December 23, 1965, Roy Edward Raines was arraigned in the federal district court for the Western District of

---

1. Raines explicitly states Section 2255 as the basis for his action. Pasterchik titles his pleading as seeking a "writ of error coram nobis," which is properly treated as a motion under Section 2255. Parker v. United States, 358 F.2d 50 (7th Cir. 1965); United States v. Rutkin, 212 F.2d 641 (3rd Cir. 1954).

Virginia on charges of violating 18 U.S.C. § 2312. During the colloquy between the trial judge and the appellant required by Rule 11, Raines waived, orally and in writing, his right to counsel and entered a plea of guilty. In response to the questions of the court, the appellant stated that the waiver and plea were voluntarily and understandingly made without threat or promise. Raines was sentenced pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 4209. He now asserts that he rejected assistance of counsel and entered a guilty plea because a probation officer "influenced" him to do so at an interview held to inform him about the sentencing provisions of the Youth Corrections Act. No other facts, details or circumstances are set forth by Raines in support of his allegation.

■ A plea of guilty is void when *induced by promises or threats which deprive it of its voluntariness.* A judgment and sentence entered thereon is subject to collateral attack by a Section 2255 motion. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

■ The appellants assert that, under 28 U.S.C. § 2255, the allegation of extrajudicial occurrences that would render their pleas involuntary makes mandatory a full evidentiary hearing even though there was full compliance with Rule 11 at arraignment. We think the rule is not so broad. Machibroda v. United States, *supra;* United States v. Carlino, 400 F.2d 56 (2nd Cir. 1968); Norman v. United States, 368 F.2d 645 (3rd Cir. 1966); Olive v. United States, 327 F.2d 646 (6th Cir. 1964); Anderson v. United States, 318 F.2d 815 (5th Cir. 1963).

*Machibroda* distinguishes between a "full hearing" and an investigation "without requiring the personal presence of the prisoner." The district courts are left "discretion to exercise their common sense." *Machibroda, supra* at 495, 496, 82 S.Ct. at 514.

Title 28 U.S.C. § 2255 provides, in pertinent part, that "unless the motion [for relief] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing thereon * * *." We think the statute and the decision in *Machibroda* make available to the district courts three possible methods, depending upon the facts, of disposition of motions under Section 2255:

## SUMMARY DISPOSITION

■ Where the files and records *conclusively* show that the prisoner is entitled to no relief, summary dismissal is appropriate. If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government. Compare, Conway v. California Adult Authority, 396 U.S. 107, 90 S.Ct. 312, 24 L.Ed.2d 295 (Decided Per Curiam, December 8, 1969.) In most cases, however, the better practice would be to require, at the very least, a responsive pleading so that United States attorneys may be afforded the opportunity to state the government's position and sometimes, as not infrequently occurs, to admit the merit or veracity of some or all of the petitioner's assertions.

## DISPOSITION ON AN EXPANDED RECORD

■ Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief, the statute makes a hearing mandatory. We think there is a permissible intermediate step that may avoid the necessity for an expensive and time consuming evidentiary hearing in every Section 2255 case. It may instead be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters, docu-

mentary evidence,[2] and, in an appropriate case, even affidavits. United States v. Carlino, 400 F.2d 56 (2nd Cir. 1968); Mirra v. United States, 379 F.2d 782 (2nd Cir. 1967); Accardi v. United States, 379 F.2d 312 (2nd Cir. 1967). When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful.

## EVIDENTIARY HEARING WITH OR WITHOUT PETITIONER'S PRESENCE

■ For the sake of prompt treatment of prisoner claims, we hope that many Section 2255 petitions will yield to disposition on the record, or on the record as expanded. There will remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court. Whether such a hearing may be necessary, and whether petitioner's presence is required, is best left to the common sense and sound discretion of the district judges, *Machibroda, supra* at 495, 496, 82 S.Ct. 510, for it is difficult to formulate a rule of easy application. It will not often occur, we think, that prisoners will be afforded the "change of scenery" which so much concerned Mr. Justice Clark. *Machibroda, supra* at 501, 82 S.Ct. 510. But unquestionably there will arise cases which cannot be fairly determined without the presence of the petitioner.[3]

■ The rule announced in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), ought to further diminish the necessity for full evidentiary hearings in the disposition of petitions under Section 2255.

The thrust of *McCarthy* is that "disputes as to the understanding of the defendant and the voluntariness of his action are to be eliminated at the outset * * *." Heiden v. United States, 353 F.2d 53, 55 (9th Cir. 1965). Rule 11 is intended to produce a complete record of the factors relevant to the voluntariness of the guilty plea and, thereby, to forestall subsequent controversy as to voluntariness. The purpose and spirit of the rule is diametrically opposed to the unfortunate tradition of invisible plea bargaining. It is this tradition that causes trouble here. We are not unaware that plea bargaining often occurs without the knowledge of the court. The result is an absurdity: the trial judge knows everything about the plea except what truly motivates it. We have previously recognized plea bargaining as an ineradicable fact. Failure to recognize it tends not to destroy it but to drive it underground. We reiterate what we have said before: that when plea bargaining occurs it ought to be spread on the record[4] and publicly disclosed. United States v. Williams, 407 F.2d 940 (4th Cir. 1969). If that had been the general practice at the time of arraignment in these cases, it is improbable that these contentions would now be made. In the future we think that the district judges should not only make the general inquiry under Rule 11 as to whether the plea of guilty has been coerced or induced by promises, but should specifically inquire of counsel whether plea bargaining has occurred. Logically the general inquiry should elicit information about plea bargaining, but it seldom has in the past.

■ We think Raines' case is not "marginal." See Machibroda v. United

---

2. *E. g.*, visitor and mail records are suggested in Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962).

3. Both 28 U.S.C. § 2255 and Machibroda contemplate that there may be a sufficient evidentiary hearing without the presence of the prisoner. Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

4. The Bench Book prepared by the Federal Judicial Center for use by United States District Judges now suggests that the defendant be asked by the court "if he believes there is any understanding or if any predictions have been made to him concerning the sentence he will receive." Benchbook for United States District Judges, Federal Judicial Center (1969) at 1.05.3.

States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Complete compliance with Rule 11 clearly disclosed at the trial that his plea was neither induced nor coerced. The only asserted factual basis for now invalidating the plea is a vague and conclusory assertion that he was "influenced" to so plead by a conversation with a probation officer who was explaining to him the provisions of the Youth Corrections Act. One may be properly or improperly influenced. We think this allegation alone insufficient to invoke the necessity of a hearing.

It is within the discretion of the district judge to deny without a hearing Section 2255 motions which state only "legal conclusions with no supporting factual allegations." Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1962); Eaton v. United States, 384 F.2d 235 (9th Cir. 1967). Allegations of "a vague, conclusory or palpably incredible nature" do not raise factual issues which require a full hearing. Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Although we do not presently hold that it was error to dismiss the petition without requiring the government to respond, we think it would have been the better practice to require such a response and an explanation of the conduct of the probation officer and what, if anything, he may have advised Raines.[5]

▮▮▮ Pasterchik alleges specific facts, but they are refuted by the files and records of the case. His arraignment took place in 1959, years before the trial court was required by Rule 11 to address the defendant personally. The trial court did, however, inquire into the voluntariness and understanding of his plea as required at that time. To be considered in conjunction with the trial court's finding that the plea was voluntary is the fact that Pasterchik three times expressed his desire to plead

guilty and was advised by the Assistant United States Attorney not to plead guilty if he were not, in fact, guilty. Two of Pasterchik's offers to plead guilty were in letters, as was the advice directed to him from the United States Attorney's office. Letters, exhibits and other evidence not previously a part of the record may be considered by the court as part of the record in determining the necessity for an evidentiary hearing under Section 2255. See United States v. Carlino, 400 F.2d 56 (2nd Cir. 1968) (correspondence and other exhibits); Mirra v. United States, 379 F.2d 782 (2nd Cir. 1967) (affidavit from movant's physician); Castro v. United States, 396 F.2d 345 (9th Cir. 1968) (affidavit from movant's trial counsel).

Furthermore, Pasterchik exhibited no hesitancy to speak out at his sentencing. At his request his sentence was reduced from four years to three by the trial judge. If in fact an unfulfilled promise of probation had been made to the appellant it seems likely that he would have voiced his indignation, for the record shows he was not intimidated from expressing other objections. Finally, both petitioners' silence for extended periods, one for 28 months and the other for nine years, serves to render their allegations less believable. "Although a delay in filing a section 2255 motion is not a controlling element * * * it may merit some consideration." Parker v. United States, 358 F.2d 50, 54 n. 4 (7th Cir. 1965).

No. 12,404 affirmed.

No. 13,028 affirmed.

SOBELOFF, Circuit Judge (concurring in part and dissenting in part):

While I am in complete agreement with the majority as to the disposition of Pasterchik's appeal, I disagree as to Raines'. I have even graver reservations about the advice the majority gives the district courts on how to handle section 2255 petitions generally.

---

5. Our affirmance will not bar Raines from filing a new petition specifying precisely what, if anything, was said to him by the probation officer to influence his plea.

## I

Pasterchik's case bears a striking resemblance to Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Machibroda alleged, without more, that an eleventh hour promise by the United States Attorney induced him to plead guilty. Without holding a hearing, and solely on the basis of affidavits, the district judge resolved the facts against Machibroda. The Supreme Court held this procedure to be error, because the case was not one where "the motion and the files and records * * * conclusively show that the prisoner is entitled to no relief." Although Machibroda's assertions were "improbable," they were not "incredible," and therefore a hearing was required.

Pasterchik makes essentially the same allegation as Machibroda, and his motion was also denied without a hearing. The difference between the two is that Pasterchik's claim is not even plausible. The correspondence between the District Attorney and petitioner supports, indeed commands, the view that it was the defendant who was impatient for the guilty plea while the prosecutor was solicitous that the step should not be taken precipitately. Furthermore, at sentencing, Pasterchik demonstrated no reticence, yet he failed to speak out when the bargain he allegedly relied on did not materialize. His recollection could hardly have been sharpened by the passage of nine years.

In short, Pasterchik's allegations, in the light of the record evidence in the case, exceed the outer bounds of credibility. The documents before the court, it can truly be said, show conclusively that he is entitled to no relief.

Raines presents a more difficult case. This petitioner suggests that his guilty plea was "influenced" by a conference with a probation officer. The majority points out that there can be both proper and improper influence, and on that ground finds the petition too vague. There are two objections to this result.

First, we do not generally hold petitioners to technical niceties of pleading. Judges should take it into account when an indigent petitioner presents his case as a layman using lay language or ventures, without the assistance of counsel, to express himself in what he thinks is legal language. The correct approach for judges in such cases is to try to understand what the uncounselled indigent petitioner is driving at without insisting on precise legal form of detail. Raines may have in mind a type of influence that is improper and would create an infirmity in the guilty plea. He should be afforded the opportunity, with the assistance of counsel, to flesh out his assertion, if he can. *See* Coleman v. Peyton, 340 F.2d 603 (4th Cir. 1965).

Second, the majority recognizes that it "would have been the better practice to require * * * a response [from the Government] and an explanation of the conduct of the probation officer and what, if anything, he may have advised Raines." In other words, the petition is not too vague to prompt some curiosity about what really happened. Under these circumstances it could hardly be said that Raines' papers show *conclusively* that he deserves no relief. The statute and *Machibroda* make it clear that this is just the case where the district court's doors should not be closed and precisely where the facts should be inquired into and ascertained.

## II

As concerned as I am by the Raines result, I am even more troubled by the implications of the majority's general discussion.

The opinion surveys the field of section 2255 petitions and marks out three courses open to a district judge: (A) "summary disposition," (B) "disposition on an expanded record," and (C) "evidentiary hearing with or without petitioner's presence."

### A

The first category is unexceptionable. Summary disposition is sanctioned by

the statute when the files and records of the case show conclusively that a prisoner is entitled to no relief; as explained by *Machibroda,* this covers instances in which the pleadings are "vague, conclusory, or palpably incredible," 368 U.S. at 495, 82 S.Ct. 510. As above indicated, Pasterchik's petition presents just such a case.

**B**

In the second category we have another story. In defining it, the majority first restates what was established in (A), that unless it is clear from the files and records that petitioner's claim has no merit, a hearing is mandatory. But in the very next sentence we are told that there is a "permissible intermediate step" that may be used to avoid what had just been described as a mandatory hearing. Actually what is proposed is that the district judge actively expand the record so as to make the case amenable to summary disposition. In particular, he may gather letters, other documentary evidence, and affidavits. There is nothing wrong with the first two types of additions if they antedate the petition. But the third—consisting of *ad hoc* affidavits—involves an insidious suggestion. For, as the opinion goes on to make clear, it is contemplated that district judges may receive affidavits in substitution for what ordinarily would be live testimony.

By the inclusion of affidavits within the scope of "files and records" the majority neatly obviates the necessity of a hearing in every case. It could never have been envisioned that the summary disposition provided in the statute would encompass such trial by affidavit. Testimony by witnesses to past events should be live and subject to testing by cross-examination. Affidavits cannot be probed; nor can they fill in missing details which may significantly alter or refute the account. "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised." Fortner Enter-

prises, Inc. v. United States Steel Corp., 394 U.S. 495, 500, 89 S.Ct. 1252, 1257, 22 L.Ed.2d 495 (1969); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

On the other hand, letters or other documents made at the time of the incident under inquiry differ from affidavits prepared in response to the petition of the prisoner. Thus it was proper to take into account the correspondence in Pasterchik's file. Those papers were the embodiment of the very issue at stake in the case—what was it that the district attorney told petitioner? Accordingly, those contemporaneously prepared documents were not only relevant, but the most competent evidence that could conceivably bear on the issue. In the absence of those letters, however, I would not accord an affidavit freshly prepared by the prosecutor to meet the exigencies of pending litigation any greater weight than one ordinarily gives to a pleading.

Consider the classical example of a petitioner claiming that the district attorney made an off-the-record deal which was not subsequently honored. Assume that, unlike Pasterchik's, the allegation is not incredible. The majority would apparently countenance determination of the facts in an undefined group of cases upon the affidavit of the prosecutor. But these are the precise facts of *Machibroda,* where the district judge, relying on the affidavit of the Assistant United States Attorney, concluded that a hearing was unnecessary. The Supreme Court disagreed and remanded for a hearing. In so doing the Court specifically approved and quoted from Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941), which it decided before the passage of 28 U.S.C. § 2255. Walker's allegation was that his guilty plea had been coerced by the United States Attorney, an assistant and a deputy marshal. The district court denied the writ of habeas corpus, resting the decision on *ex parte* affidavits from those federal officers. The Supreme Court held the affidavit procedure insufficient and required the taking of evidence.

*Not by the pleadings and the affidavits, but by the whole of the testimony,* must it be determined whether petitioner has carried his burden of proof and shown his right to a discharge. 312 U.S. at 287, 61 S.Ct. at 579 (Emphasis added.)

### C

What the majority does to the necessity for the production of other live witnesses, it does in spades to the opportunity of the petitioner himself to attend the hearing. Seizing upon the authorization in the statute and in *Machibroda* to hold a hearing out of the presence of the prisoner, the majority proceeds to the conclusion that hearings with the petitioner present will not often occur. District judges are told to exercise their discretion, but no guidelines are mentioned.

However, norms do exist. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1951), in which the Supreme Court first reviewed 28 U.S.C. § 2255, laid down the standard for determining when a prisoner's presence is required. The Court held,

[w]hether the prisoner should be produced depends upon the issues raised by the particular case. Where, as here, there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing.

*Machibroda* and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148 (1963), in remanding for hearings, adverted to the statutory possibility in some instances to dispense with the petitioner's presence but did not disturb the *Hayman* standard. Presumably *Hayman* is still a correct statement of the law.

It is my submission that whenever there are factual issues upon which a petitioner is competent to testify or to aid his counsel his presence is required. If he can do neither, then certainly he should not be given the feared "change of scenery." For example, if the factual issues revolve around the circumstances of a search accomplished in the absence of the petitioner, then if the district judge, in his discretion, decided that petitioner's presence would not materially aid the presentation of his case, the denial of the right to attend the hearing would normally not be error. On the other hand if petitioner had been present at the search it would ordinarily be an abuse to resolve disputed facts without his testimony. Similarly, in section 2255 cases in which the voluntariness of a plea is in issue, it should be the rare instance rather than the general practice where the petitioner's presence is not needed.[1] Although his testimony might turn out to be untruthful, there is no one whose testimony would be more material.

Consider again the case where a petitioner alleges an unfulfilled plea bargain, when the record evidence does not conclusively refute him. A hearing is presumably required. But the majority in this case has just informed the district judges that they may, if they like, dispense with both the testimony of the district attorney and that of the petitioner, resorting instead to a short-cut by affidavit. What then does it mean to say, as the statute does say, that a hearing is mandatory?

Today, by gutting the requirements of section 2255, the prevailing opinion inverts the thrust of everything the Supreme Court has taught about the necessity for hearings in post-conviction proceedings and at the same time conflicts with the understanding of at least some of our district judges. Plenary hearings are the general rule. *See* Townsend v. Sain, 372 U.S. 293, 311–312, 83 S.Ct. 745,

---

1. I heartily approve the majority's recommendation that plea bargaining be spread on the record. But even if in the future, in contrast to the past, there is general compliance with the salutary rule, we would still be faced with the problem we have here: what to do when the record does not reflect a deal. The silence of the record could mean that there was no bargain. But it could also mean that the existence of the barter was concealed, perhaps as part of the bargain.

9 L.Ed.2d 770 (1963). However, today the majority devises exceptions that threaten to swallow the rule.

The violence done to the established scheme is not ameliorated by casual reference to the "better practice" of requesting a response by the Government. In the first place, by expressly saying "we do not presently hold that it was error to dismiss the petition without requiring the government to respond," the majority makes clear that its dictum has no teeth. It tolerates dismissal of Raines' petition without holding a hearing or even calling for a Government response. Making a purely precatory pronouncement about responses is hardly likely to transform what the opinion calls "the better practice" into the general practice. Moreover, my observation does not encourage me to hope, as apparently the majority hopes, that "not infrequently [the Government will] admit the merit or veracity of some or all of the petitioner's assertions." Nevertheless I agree that ordering a response would be generally salutary in clarifying the issues. But in no event can the Government's response or its *ex parte* affidavits be an acceptable substitute for a hearing in an appropriate case.