861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred MURPHY, Petitioner-Appellant,
v.
Jim G. BULLOCK, Attorney General of North Carolina,
Respondents-Appellees.
 No. 88-7643.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1988.
Decided Sept. 30, 1988.
 
 Fred Murphy, appellant pro se.
 Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fred Murphy, a North Carolina inmate, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 seeking to attack his 1978 convictions for armed robbery and first degree rape. The district court dismissed the petition as frivolous pursuant to 42 U.S.C. Sec. 1915(d). For the reasons discussed below, we grant a certificate of probable cause to appeal, vacate the judgment of the district court, and remand the case for further proceedings.
 
 
 2
 An action may be dismissed as frivolous under Sec. 1915 only if it is "beyond doubt" that there is no "arguable" construction of the plaintiff's claim "both in law and in fact" which would entitle the plaintiff to relief. Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979). Furthermore, summary dismissal of a habeas petition is not favored and should occur only if the petition is "frivolous or patently absurd on its face." Raines v. United States, 423 F.2d 526 (4th Cir.1970). Under these standards, Murphy's claim is not frivolous.
 
 
 3
 In his petition, Murphy alleges that he received ineffective assistance of counsel and that, as a result, his guilty pleas were involuntarily entered. Specifically, he alleges that his attorney informed him that he would be subject to the death penalty if he was found guilty at trial. He claims that he would not have pled guilty had he known the death penalty was not a possible punishment for either offense.
 
 
 4
 At the time of his plea in 1978, Murphy could not have received the death penalty since the statute mandating death for first degree rape had previously been declared unconstitutional by the North Carolina Supreme Court on the basis of the United States Supreme Court's holding in Woodson v. North Carolina, 428 U.S. 280 (1976). State v. Montgomery, 291 N.C. 91, 229 S.E.2d 572 (1976). Thus, it appears the advice allegedly given to Murphy by his attorney was indeed erroneous.
 
 
 5
 A claim of ineffective assistance may be stated when a defendant's decision to plead guilty is based upon misinformation provided by his attorney. Hill v. Lockhart, 474 U.S. 52 (1985). Similarly, this Court has held that a plea may be constitutionally involuntary if it is tendered in reliance upon erroneous advice regarding possible sentences. Hammond v. United States, 528 F.2d 15 (4th 1975). Accordingly, Murphy's petition raises two cognizable constitutional claims. Whether Murphy will be able to provide enough proof to succeed on his claims is, of course, uncertain; however, we find that the allegations contained in his petition are sufficient to avoid dismissal under Sec. 1915(d).
 
 
 6
 Finally, we note that on the record before us, it is unclear whether Murphy has yet exhausted his state remedies. We leave this issue for the district court to address on remand.
 
 
 7
 Accordingly, a certificate of probable cause is granted and this matter is vacated and remanded to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 VACATED AND REMANDED.