985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Latchmie Narayan TOOLASPRASHAD, Defendant-Appellant.
 No. 92-6090.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 29, 1992
Decided: January 28, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-85-45-3, CA-91-64-CIV-3)
 Argued: Todd Douglas Greenberg, Addabbo & Greenberg, Forest Hills, New York, for Appellant. Linda Kaye Teal, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 On Brief: Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Latchmie Narayan Toolasprashad appeals the dismissal of his petition under 28 U.S.C. § 2255 collaterally challenging his conviction by guilty plea of the murder of Beverly Ann Dozler. He claimed ineffective assistance of counsel and involuntariness of his plea. We find no error and affirm.
 
 
 2
 * On December 15, 1985, Beverly Ann Dozler, a member of the United States Army stationed in Ft. Bragg, North Carolina, was killed at the entrance of her quarters by a blast from a sawed-off shotgun fired by James David Hamilton. Soon after the killing, Hamilton and Toolasprashad were arrested and charged with the murder, and several related offenses. The government's investigation developed overwhelming evidence that Toolasprashad, obsessed by Dozler's rejection of his advances, had hired Hamilton to kill her; that Hamilton had done so; and that Toolasprashad thereafter had taken steps to pay Hamilton off in accordance with their agreement, only to be forestalled by his arrest.
 
 
 3
 Following the filing of charges against him, Toolasprashad was found incompetent to stand trial, based mainly upon evidence of his bizarre behavior after Dozler's murder in which he claimed not to accept the fact of her death. He was committed to a treatment facility for treatment and assessment to determine whether he might in time be competent to stand trial. In a second competency hearing some four months later he was found competent, and trial date was set.
 
 
 4
 On the day trial was to commence, Toolasprashad, on the advice of counsel, entered into a plea agreement under which he agreed to plead guilty to the first degree murder charge and the government agreed to dismiss six related charges, including one carrying a mandatory minimum sentence of five years for use of the shotgun in commission of the murder.
 
 
 5
 Following a guilty plea proceeding conducted under Fed. R. Crim. P. 11, Toolasprashad pled guilty to the first degree murder charge, and was given the mandatory sentence of life imprisonment.
 
 
 6
 After his incarceration, Toolasprashad filed a pro se petition under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence. His petition claimed ineffective assistance of counsel in various respects, including the giving of incorrect advice that he would receive only five to seven years if he pled guilty to first degree murder. The petition was denied by the district court, and this court affirmed the denial in an unpublished opinion. Toolasprashad v. United States, No. 906273 (4th Cir. April 18, 1990) (per curiam).
 
 
 7
 In his present § 2255 petition Toolasprashad has challenged his conviction and sentence on the basis that his guilty plea was not voluntarily and intelligently made. The district court dismissed the petition without an evidentiary hearing, and Toolasprashad took this appeal.
 
 II
 
 8
 We first consider a claim sought to be raised on this appeal that again alleges ineffective assistance of counsel in incorrectly advising Toolasprashad that he would receive only a five to seven year sentence by pleading guilty to first degree murder. This specific claim was made and rejected on the merits in Toolasprashad's earlier pro se § 2255 petition. The attempt to now raise it again on this appeal raises several procedural problems. The claim was not included in Toolasprashad's petition in the district court, and we ordinarily do not entertain claims raised for the first time on appeal. Secondly, had it been included, it would have been subject to dismissal as a successive claim, having already been rejected in the earlier petition. 28 U.S.C. § 2255, par.5. Toolasprashad seeks to avoid both these problems by asserting that though he did not raise the issue in the district court, the state did-by introducing evidence that his counsel did not incorrectly advise him on the sentencing risks. Therefore, he claims, the issue should be considered raised so as to permit review of its rejection, but its raising should not be charged to him as a successive "claim" subject to dismissal.
 
 
 9
 There are several reasons why this novel suggestion will not work. We rely on only the most obvious one in rejecting it. As the state points out, the state's evidence on this score cannot properly be regarded as having been introduced to negate a renewed claim of ineffective assistance of counsel, thereby somehow raising it by the back door. As the record reveals, this evidence was introduced solely to meet Toolasprashad's specific claim that his guilty plea was not intelligently and voluntarily entered.
 
 
 10
 Accordingly, we hold that even if a claim could be deemed raised in this way, it was not so raised here. We therefore need not address the question whether if raised in this way by a respondent, a habeas claim would nevertheless be subject to dismissal as successive.
 
 III
 
 11
 Toolasprashad's claim that his guilty plea was not entered voluntarily and intelligently has two parts.
 
 
 12
 He first claims that because he earlier had been declared incompetent and because at his plea hearing he did not know the name of the medication he was then taking, only that"[i]t helps me to understand," the court should have regarded his plea as not voluntarily and intelligently made when he made it. Basically, Toolasprashad would have had the court ignore the results of his second competency hearing, as well as his own representations and those of his attorney that he fully understood the proceedings and his plea, because he did not know the name of the prescribed medication he was taking. We cannot find any error or abuse of discretion in the court's failure sua sponte to take this course.
 
 
 13
 Toolasprashad also contends that since most of his answers in the Rule 11 proceeding were simply "yes" and"no" responses, he did not clearly plead guilty to the first degree murder charge. Toolasprashad emphasizes here that the elements of first degree murder were only recited to him once, in the court's summary of the plea agreement, and his first answer after this was "no." This" no," however, clearly was in response to the court's question "[n]ow, have I left anything out that you agreed to?" Moreover, it was followed by seven other questions, all of which Toolasprashad answered in such a way as to indicate his understanding of the plea he was making and its voluntariness. Finally, the elements of the crime of first degree murder were specifically listed in Section 4 of the Memorandum of Plea Agreement, which stated that:
 
 
 14
 The elements of the offense to which the Defendant enters a plea of guilty are as follows:
 
 
 15
 First: The Defendant unlawfully killed Beverly A. Dozler;
 
 
 16
 Second: with malice afterthought;
 
 
 17
 Third: with premeditation;
 
 
 18
 Fourth: And the Defendant did so knowingly and willfully.
 
 
 19
 Toolasprashad read and signed this Plea Agreement, and the sentencing court questioned him extensively to determine that he understood it. We affirm the district court's conclusion, in dismissing this § 2255 petition, that his plea was voluntarily and intelligently made.
 
 IV
 
 20
 Finally, the district court did not err in dismissing Toolasprashad's petition without an evidentiary hearing. Toolasprashad relies on Raines v. United States, 423 F.2d 526 (4th Cir. 1970), to argue that "[t]here will remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." Id at 530. The Raines court, however, stated immediately after this that "[w]hether such a hearing may be necessary, and whether petitioner's presence is required, is best left to the common sense and sound discretion of the district judges." Id ., citing Machibroda v. United States, 368 U.S. 487 (1962). Indeed, in Raines, this court held that the allegation that a probation officer had improperly influenced the defendant to plead guilty was "insufficient" to involve the necessity of a hearing." Id. at 531.
 
 
 21
 Here, the issues respecting Toolasprashad's understanding and freedom of choice in entering his guilty plea were adequately and fairly reflected in the record before the court. There were no issues of credibility for resolution. An oral denial by Toolasprashad that his answers to the questions put to him during his guilty plea proceeding meant what they plainly indicated could have added nothing to counsel's legal argument to that effect. The district court did not abuse its discretion in dismissing the petition without conducting an evidentiary hearing.
 
 V
 
 22
 Having found no reversible error in the district court's judgment, we affirm its dismissal of Toolasprashad's § 2255 petition.
 
 AFFIRMED