**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DEE DEIDRE FARMER, a/k/a Douglas
Farmer,
Defendant-Appellant.

No. 95-7414

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CR-86-158-Y, CA-94-3292-Y)

Argued: April 9, 1997

Decided: May 2, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Henry Mark Stichel, PIPER & MARBURY, L.L.P., Bal-
timore, Maryland, for Appellant. Jamie M. Bennett, Assistant United
States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:**
Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1986, Dee Deidre Farmer pled guilty to two charges of fraudulent use of credit cards. On November 28, 1994, Farmer filed this § 2255 motion in which she asserted that, at the time of her guilty pleas in 1986, she was suffering from AIDS-associated dementia as well as the effects of strong medication and, as a result, could not understand the legal consequences of her guilty pleas. See 28 U.S.C.A. § 2255 (West Supp. 1997). She has filed two previous § 2255 motions in which she failed to mention this claim. However, Farmer maintains that only in late 1994 did she learn of the effects of her dementia and medication, because only then, after extensive litigation, were her medical records made available to her. See Farmer v. Brennan, 81 F.3d. 1444, 1448 (7th Cir. 1996), on remand from 511 U.S. 825 (1994) (discussing Farmer's difficulty in obtaining discovery from Bureau of Prisons).

In support of the present § 2255 motion, Farmer submitted affidavits and medical reports from Drs. Bernard M. Branson and Alfred J. Saah, as well as her own sworn affidavit.

In his affidavit, Dr. Branson declared that, after reviewing the report of a physician who had treated Farmer at the time of the guilty pleas in 1986, other medical information supplied by Farmer, and based on his own examination of Farmer during the period in question, he believed:

> [W]ithin a reasonable degree of medical certainty that on May 23, 1986, petitioner could not have entered a knowing and intelligent plea in any criminal proceeding, because of [her] health condition, and because of the medication that was being administered to the petitioner at the time.

2

Dr. Branson further observed that, according to Farmer's 1986 medical report, Farmer had severe headaches, memory loss, lymphadenopathy (swelling of the lymph glands) and neurological abnormalities. These symptoms supported the conclusion of "possible AIDS dementia." Finally, Dr. Branson noted, "these findings were diagnostic of the encephalopathy (disease of the brain) associated with primary HIV infection. This condition was first described in the published medical literature in 1987, one year after [the 1986 medical] report."

Dr. Saah submitted a similar report also concluding that Farmer could not have knowingly and intelligently entered into a plea agreement in 1986. Dr. Saah rested his conclusion both on the effects of the medication that Farmer was taking at the time of the pleas as well as the headaches and memory loss that Farmer experienced at that time.

In her affidavit, Farmer explained that only after she received her medical records from the Federal Bureau of Prisons in 1994 did she realize that she might have grounds to vacate the guilty pleas:

> The cause for me not bringing the claims in my first two petitions was that I was not aware that the claims existed until I received the medical documentation in 1994. . . . [T]here was nothing in the medical literature[to support one diagnosis of her condition] at the time of the plea; thus, the medical records had to be re-evaluated by a professional before the additional diagnosis could have been made.

The Government submitted no counter-affidavits or medical reports. Instead, the Government rested entirely on legal arguments. First, it asserted that Farmer's § 2255 motion constituted an abuse of the writ. The Government also maintained that the Rule 11 transcript proved that when Farmer pled guilty she clearly and unambiguously answered in the negative to questions regarding whether she was taking drugs or under the care of a doctor during the six months prior to the pleas, and that her answers did not reflect the comments of a defendant suffering from dementia.

The district court denied Farmer's § 2255 motion on the following rationale in a letter opinion:

3

> Contrary to the petitioner's allegations, the [Rule 11] transcript reveals that the defendant clearly understood the nature of the proceedings and answered the questions asked of her without any indication of duress or illness.

The district court apparently failed to address Farmer's possible abuse of the writ or the probative value vel non of Farmer's affidavit. The court also failed to analyze -- or even mention-- the two independent opinions from reputable doctors supporting Farmer's claim that she was incompetent at the time of her guilty pleas.

The doctors' affidavits, as well as the 1986 medical report, raise an issue which must be addressed as to Farmer's mental condition at the time of the pleas. These documents demonstrate that Farmer was being treated by a doctor at the time she pled guilty. They also provide evidence that at the time of the pleas Farmer may have been suffering from the effects of her medical condition as well as from the medication she was taking. Dr. Branson stated that the diagnosis he would presently give to Farmer's symptoms at the time of the pleas, encephalopathy or "disease of the brain," was not recognized as a medical condition until 1987 -- a year after the pleas were entered. Both Dr. Branson and Dr. Saah unequivocally opined that, in view of Farmer's illness and strong medication, she could not have knowingly and intelligently pled guilty in 1986. Furthermore, Farmer's uncontroverted affidavit requires some analysis before concluding that her failure to pursue this claim earlier constitutes an abuse of the writ.

From the record before us, we cannot determine why the district court failed to consider these independent opinions from qualified doctors in reaching its decision. A court need not issue a lengthy opinion addressing these claims. Nor must it hold an evidentiary hearing. Raines v. United States, 423 F.2d 526, 529-30 (4th Cir. 1970). However, the district court must provide some rationale for rejecting evidence of this sort. Alternatively, it may be, as the Government asserts, that Farmer has abused the writ. Even if Farmer had the difficulty she asserts in obtaining her medical files, it seems illogical to assume that in filing her first two § 2255 motions she completely forgot she was on drugs and not "in her right mind" at the time of her Rule 11 hearing. Since these are matters for the district court to

4

resolve, we reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED

5