UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 99-4032

KERRY GORDON HOGGE,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 01-6873

KERRY GORDON HOGGE,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-98-10)

Submitted: September 20, 2001

Decided: January 24, 2002

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Stephen Ashton Hudgins, HUDGINS & STALLINGS, P.C., Newport News, Virginia, for Appellant. Janet S. Reincke, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kerry Gordon Hogge appeals from the district court's order deny-
ing his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001).
For the reasons that follow, we grant a certificate of appealability and
vacate and remand for further proceedings.

In the district court below, Hogge made several allegations of inef-
fective assistance of counsel including whether counsel failed to file
a petition for certiorari from this court's affirmance of his convictions
and sentence. *See United States v. Jones*, No. 99-4032 (4th Cir. Oct.
19, 1999) (unpublished). Specifically, Hogge alleged by affidavit that
his § 2255 motion filed on March 15, 2001, was filed beyond the one-
year period allowed under the statute because: Hogge's counsel told
him he was filing a petition for certiorari on October 22, 1999; coun-
sel neglected to inform Hogge that he decided not to file the petition;
Hogge relied on counsel's representations that counsel was filing such
a petition and thus delayed filing his § 2255 motion. After Hogge dis-
covered in February 2001 that counsel failed to file the petition, he
filed the instant § 2255 motion on March 15, 2001.

The district court did not address Hogge's claims of ineffective
assistance on the merits. Rather, the court found, without conducting
an evidentiary hearing, that Hogge should have discovered, through
the exercise of due diligence under 28 U.S.C.A. § 2255(4), that his
counsel failed to file the certiorari petition. The court reasoned that
because Hogge's counsel only had ninety days within which to file
the petition for certiorari, Hogge should have been able to discover
counsel's failure to file the petition within that time period. Thus, the
court found that the limitations period began to run on January 17,
2000 (ninety days after this court's affirmance of Hogge's convic-
tion), and therefore the one-year period for filing a § 2255 motion
expired on January 17, 2001.

Unless it is clear from the pleadings, files, and records that the prisoner is entitled to no relief, § 2255 makes a hearing mandatory. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Accordingly, we vacate and remand for a factual hearing to determine at what point in time that Hogge, through the exercise of due diligence, should have discovered his counsel's failure to file a petition for certiorari. 28 U.S.C.A. § 2255(4). If the district court finds that Hogge's § 2255 motion was timely filed, then it should address Hogge's other claims of ineffective assistance including whether counsel complied with the dictates of *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).

We deny Hogge's "motion to vacate and reenter judgment" in No. 99-4032 as moot because it seeks the same relief as the instant appeal of Hogge's § 2255 motion, and we decline to address the other issues raised in this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*