UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

WILLIAM D. GOLDEN,
          *Defendant-Appellant.*

No. 02-6106

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CR-93-48, CA-98-135-1)

Submitted: April 29, 2002

Decided: June 19, 2002

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded in part and dismissed in part by unpublished
per curiam opinion.

---

### COUNSEL

William D. Golden, Appellant Pro Se. Lisa Grimes Johnston,
OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West
Virginia; Thomas Oliver Mucklow, Assistant United States Attorney,
Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

William D. Golden appeals from the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2001) motion. Golden raised several issues attacking his conviction and sentence. On appeal, he only pursues the claims related to his competency to stand trial in August 1995.

Golden filed a motion for an evidentiary hearing on his claims, which the district court denied. Generally, an evidentiary hearing is required under 28 U.S.C.A. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. Whether an evidentiary hearing is necessary is best left to the sound discretion of the district court judge. *Raines v. United States*, 423 F.2d 526, 529-30 (4th Cir. 1970). Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992).

We find that the record does not conclusively establish that Golden is not entitled to relief on the competency claims. Golden supported his claims with reports from two psychiatrists who examined the medical records and narrative evidence regarding Golden's mental condition at the time of his trial. The district court did not accord these opinions any relevant weight because they were prepared several years after trial, one of the doctors never personally examined Golden, and they were allegedly based upon "bits and pieces" of the record. We find that the reports are relevant to demonstrate a mental health professional's opinion of Golden's status at the time of his trial. The opinions were based upon several sources, and neither the Government nor the district court identified conflicting sources regarding that time period.

The district court also relied upon the trial testimony of Drs. Haut, Haymond, Haynes, Smith, and Kradel, and stated that their opinions established that Golden suffered from some mental disorders and drug and alcohol abuse but "that he nonetheless had the sufficient mental capacity to understand the charges against him and to consult with his attorney." We find that the trial testimony of these doctors was based upon their observations and examinations of Golden made in 1993 and 1994 and did not address, nor were the doctors likely aware of, the side effects Golden allegedly suffered due to the over medication and elimination of Clozaril and other drugs he was prescribed to manage his bipolar disorder. Nor did the doctors specifically testify at trial regarding Golden's ability to consult with his attorney.

The court adopted the recommendation of the magistrate judge in denying the competency claims. The magistrate judge's report relied upon statements Golden made at a bench conference during his sentencing hearing in February 1996. The magistrate judge stated that during the conference, Golden "describes in detail what he had done to help his lawyer prepare for trial." A careful reading of the transcript reveals that all discussions about the preparations Golden wanted his counsel to make, and his involvement in creating his own defense, were undertaken by Golden since November 1995, well after his trial ended.

We therefore find that an evidentiary hearing on the competency issues is necessary to further develop the record and make a fully informed decision on the claims. We grant a certificate of appealability and vacate the court's order as to the competency issues raised by Golden, and remand with instructions to hold an evidentiary hearing on those claims. We deny a certificate of appealability and dismiss the appeal of the remaining claims not raised by Golden on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART;*
*DISMISSED IN PART*