**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-7328**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES ROBERT LUESSENHOP,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CR-02-298; CA-03-458)

Submitted: June 20, 2005                 Decided: July 29, 2005

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

James Warren Hundley, BRIGLIA & HUNDLEY, PC, Fairfax, Virginia, for Appellant. Thomas Higgins McQuillan, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Robert Luessenhop appealed from the district court's order denying his 28 U.S.C. § 2255 (2000) motion. We previously granted a certificate of appealability on the limited issue of whether Luessenhop received ineffective assistance of counsel at sentencing. We denied a certificate of appealability as to all other claims. Therefore, although the parties briefed other issues, we will not address them. On the only issue before us, we vacate the relevant portion of the district court's order and remand for a hearing.

The district court decided this case without a hearing. An evidentiary hearing is generally required under § 2255 unless it is conclusive from the pleadings, files, and records that a movant is not entitled to relief. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Whether an evidentiary hearing is necessary is best left to the sound discretion of the district court judge. Id. at 530. However, where a movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated. See United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992).

To succeed on his claim, Luessenhop must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88

(1984).  Under the first prong of <u>Strickland</u>, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  <u>Id.</u> at 689.  To satisfy the second prong of <u>Strickland</u>, a movant must demonstrate there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id.</u> at 694.

Luessenhop argues that his attorney failed to properly challenge the loss calculation under the sentencing guidelines. Luessenhop engaged in a scheme to secure HUD (United States Department of Housing and Urban Development)-insured mortgage loans for buyers who could not qualify.  When the buyers defaulted, HUD paid the mortgages and then resold the property.  The loss amount was calculated by subtracting the HUD sale price from the mortgage amount and adding fees incurred.  The loss totaled $223,816.77.

Luessenhop now contends that HUD engaged in wrongdoing in obtaining depressed appraisals for the property and selling them below market value, thus increasing the loss for which Luessenhop was responsible.  At sentencing, Luessenhop's counsel argued that the loss was not reasonably foreseeable to Luessenhop, and the court rejected that contention under <u>United States v. McCoy</u>, 242 F.3d 399, 404 (D.C. Cir. 2001), which held that, absent fraud on the part of the Government, the loss calculation from a fraudulent Small Business Administration loan application should be based on

the actual sale price of the collateral, not the alleged potential sale price. Luessenhop now contends that his counsel focused on the wrong issue and, instead, should have argued that the liquidation sales were not arms-length or were the result of fraud or misconduct. In such a case, under McCoy, the sale price would no longer be the appropriate amount to use for the loss calculations. 242 F.3d at 404. In support of his claim, Luessenhop has presented evidence that the appraisals were not conducted in accordance with HUD regulations or accepted standards. He states his attorney should have known that HUD sales must be based on fair market value appraisals and should have requested the appraisals on the relevant properties. Had counsel done so, Luessenhop contends that he could have argued for a lower loss calculation and that he would have been responsible for a lower restitution amount.

In response, the Government contends that, even armed with the HUD regulations and the appraisals, counsel could have done no more than he actually did at sentencing. As stated above, counsel made the argument that the full extent of the loss was not reasonably foreseeable to Luessenhop and, thus, should not have been attributed to him as relevant conduct. This claim was found barred by McCoy. With the evidence now in the record, counsel could have argued that the HUD sales were not arms-length and were based on fraudulently depressed appraisals, an exception to McCoy.

- 4 -

Thus, the factual issue of whether there was fraud is a new issue based on new evidence that was not raised at sentencing.

The Government next argues that Luessenhop has no evidence that the appraisals were fraudulent and that they may well be accurate. However, Luessenhop is not required to prove that the appraisals were fraudulent to be entitled to a hearing; instead, he need only show that a material issue of fact exists. Luessenhop has submitted opinions from licensed real estate professionals that state that the appraisals were not accurate. In addition, one of the buildings was sold for nearly three times as much as the appraisal, less than three months after the HUD sale. We find that Luessenhop's evidence is sufficient to require a hearing to determine whether the appraisals were fraudulent.

Finally, the Government contends that Luessenhop cannot show prejudice. Luessenhop's guideline range was calculated based on a loss of $223,816.77. His guideline range was twelve to eighteen months (after an acceptance of responsibility adjustment). In addition, the court granted the Government's motion for a substantial assistance departure resulting in a guideline range of eight to fourteen months, with an imposed sentence of eight months.

If Luessenhop's figures are used, the loss amount would have been less than half, resulting in a lower guideline range. See U.S. Sentencing Guidelines Manual § 2F1.1 (1997). Nonetheless, while Luessenhop arguably could have received a lower sentence if

his attorney had properly argued his case, he could also have received a longer sentence, especially if the court declined to grant the downward departure motion or the acceptance of responsibility adjustment or decided to sentence Luessenhop at the higher end of the range.

However, while Luessenhop's showing of prejudice regarding the prison term may be insufficient to grant a hearing, we find that Luessenhop is able to make a proper showing of prejudice regarding the restitution order. Luessenhop paid $223,816.77 in restitution. According to the evidence he has submitted, absent his attorney's ineffective assistance, the restitution should have been substantially less. We find that this substantial differential is sufficient to show prejudice arising from his attorney's failure to properly raise the possibly fraudulent appraisals at sentencing.

Based on the foregoing, we vacate the relevant portion of the district court's order and remand for a hearing on Luessenhop's claim that he received ineffective assistance of counsel at sentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED