**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-6412**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMMY RAY O'QUINN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-02-50; CA-04-251-1)

———————

Submitted:  January 25, 2006       Decided:  February 16, 2006

———————

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Sammy Ray O'Quinn, Appellant Pro Se.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sammy Ray O'Quinn appeals from the district court's order accepting the recommendation of the magistrate judge and denying relief on his motion filed under 28 U.S.C. § 2255 (2000). We previously granted a certificate of appealability as to O'Quinn's sole issue on appeal: whether his attorney provided ineffective assistance with respect to the government's plea offer. After receiving additional briefing on this issue, we now vacate the district court's order and remand for further proceedings.

In his § 2255 motion, O'Quinn claimed that he received ineffective assistance of counsel when counsel failed to inform him of a corrected plea agreement. He asserted that, had he seen the corrected version, he would have pled guilty. O'Quinn submitted an affidavit to this effect. Counsel filed an affidavit stating that he reviewed the corrected plea agreement with O'Quinn, but that O'Quinn wanted to go to trial with the hope of obtaining an acquittal on one of the charges and thereby possibly receiving a lesser sentence.

The district court may expand the record in a § 2255 proceeding to include letters, documents and affidavits. Raines v. United States, 423 F.2d 526, 529-30 (4th Cir. 1970). Unless it is clear from the record, as expanded, that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory. 28 U.S.C. § 2255; Raines, 423 F.2d at 529. "[W]here the ultimate

resolution rests on a credibility determination, an evidentiary hearing is especially warranted." United States v. White, 366 F.3d 291, 302 (4th Cir. 2004) (citing Raines, 423 F.2d at 530).

In denying § 2255 relief on this issue, the district court determined that, even if counsel's performance was deficient with respect to the plea offer, O'Quinn suffered no prejudice because he failed to show that, had he seen the revised plea offer, he would have pled guilty. In making this determination, the lower court relied on O'Quinn's silence during the change of plea hearing when the court discussed scheduling O'Quinn's trial.

We find that O'Quinn's silence in that setting is too ambiguous to allow an inference of acquiescence to overcome his affirmative act of attesting to statements to the contrary. Rather, the conflicting statements in the affidavits submitted by O'Quinn and counsel create a factual dispute requiring an evidentiary hearing. See Raines, 423 F.2d at 530.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED