**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7498

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HASSAAN HAAKIM RASHAAD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (3:01-cr-00195-1; 3:04-cv-00500)

Submitted: October 19, 2007      Decided: November 5, 2007

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Hassaan Haakim Rashaad, Appellant Pro Se.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hassaan Haakim Rashaad appeals from the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). We previously granted a certificate of appealability as to Rashaad's claim that his attorney provided ineffective assistance, resulting in Rashaad being denied the right to testify in his defense.[1] After receiving additional briefing on this issue, we now vacate the district court's order and remand for further proceedings.

A criminal defendant has a fundamental constitutional right to testify on his or her own behalf at trial. United States v. Midgett, 342 F.3d 321, 325 (4th Cir. 2003). This right, derived from various constitutional provisions, "reaches beyond the criminal trial." Rock v. Arkansas, 483 U.S. 44, 51 n.9 (1987); Reinert v. Larkins, 379 F.3d 76, 95 (3d Cir. 2004) (considering habeas petitioner's ineffective assistance of counsel claim based on his contention that his counsel violated his constitutional right to testify at a pre-trial suppression hearing). A defendant's waiver of this right, like that of any other constitutional right, is "personal" and must be made voluntarily and knowingly. Sexton v. French, 163 F.3d 874, 881 (4th Cir. 1998); Brown v. Artuz, 124 F.3d 73, 77-78 (2d Cir. 1997).

---

[1]We denied a certificate of appealability and dismissed Rashaad's appeal as to his remaining claims.

In his § 2255 motion and the accompanying sworn affidavit, Rashaad claimed counsel was ineffective when he failed to advise Rashaad of his right to testify at the pre-trial hearing on his motion to dismiss the indictment, which was predicated on the immunity agreement into which Rashaad had entered with the Government. In his affidavit, Rashaad asserted that, had he properly been advised and allowed to testify, he would have provided testimony refuting the Government's evidence establishing Rashaad's breach of the immunity agreement. The Government did not file a response to Rashaad's motion. The district court summarily dismissed the claim, finding Rashaad had not established his attorney had failed to advise him of his right to testify at trial. The court, however, did not address Rashaad's claim that he had not been advised regarding his right to testify at the pre-trial hearing.

Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory. 28 U.S.C. § 2255; Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The district court may expand the record to include letters, documents, and affidavits. Raines, 423 F.2d at 529-30. A district court's decision as to whether a hearing is mandatory under § 2255 and whether petitioner's presence is required at the hearing is reviewed for abuse of discretion. Id. at 530 (citing Machibroda v. United

States, 368 U.S. 487 (1962)).  Notwithstanding the court's ability to expand the record and its wide discretion in the matter, "[t]here will remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court."  Id.

Under Strickland v. Washington, 466 U.S. 668, 694 (1984), in order to prove ineffective assistance of counsel based on his claim that his attorney prevented him from exercising his right to testify at the pre-trial hearing, Rashaad must show both that his attorney violated his right to testify and that his testimony had a "reasonable probability" of changing the outcome.  In denying § 2255 relief on this issue, the district court construed Rashaad's claim as asserting Rashaad had been denied his right to testify at trial — not at the pre-trial hearing.  This overly narrow construction of Rashaad's claim, coupled with the fact that Rashaad's affidavit stands unrefuted on the record,[2] leads us to conclude the district court's order as to this issue must be vacated.

---

[2]Although far from clear, it appears plausible that, had Rashaad been permitted to testify at the pre-trial hearing on the motion to dismiss and had he testified in conformity with the facts averred in his affidavit, the result of the hearing might have been different.  However, as the district court has yet to consider this issue, our present disposition should not be construed as an indication that we have formulated any view regarding the appropriate outcome of the proceedings on remand.

We vacate the district court's order denying relief on Rashaad's claim that counsel was ineffective because he prevented Rashaad from testifying at the pre-trial hearing, and remand for further proceedings consistent with this opinion. We deny Rashaad's motion for default judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>