**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-6634

CARLOS STUFFLE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-90-5-P, CA-94-361-P)

Submitted: December 12, 1995

Decided: August 7, 1997

Before WILKINSON, Chief Judge, WILKINS, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Carlos Stuffle, Appellant Pro Se. Robert James Conrad, Jr., Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Carlos Stuffle appeals from the district court's order denying his motion under 28 U.S.C. § 2255 (1988), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. We affirm the order in part, vacate in part, and remand for further proceedings.

Stuffle pled guilty in August 1990 to conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988). He was sentenced to 144 months of imprisonment.

In his § 2255 motion Stuffle claims: (1) that his sentence was improperly calculated; (2) that he received ineffective assistance of counsel because his counsel failed to request a judicial recommendation against deportation ("JRAD"); (3) counsel was not present when he was interviewed by the probation officer; (4) counsel failed to file a timely notice of appeal of his sentence as requested; and (5) because prior to his conviction the Government seized and forfeited $1350 he owned, his conviction, based upon the same conduct, violates the Double Jeopardy Clause.

With respect to Stuffle's first three claims we affirm on the reasoning of the district court because our review of the record reveals no reversible error. United States v. Stuffle, Nos. CR-90-5-P; CA-94-361-P (W.D.N.C. Feb. 21, 1995).

With respect to the allegation that Stuffle's counsel failed to file a timely appeal we note that such failure may constitute ineffective assistance of counsel regardless of the likelihood of success on the merits. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Unless it is clear from the pleadings, files, and records that the prisoner is entitled to no relief, § 2255 makes an evidentiary hearing mandatory. 28 U.S.C. § 2255; Raines v. United States , 423 F.2d 526, 529 (4th Cir. 1970). The district court may expand the record to include letters, documents, and affidavits. Id. at 530. A district court's decision of

2

whether to conduct a hearing and whether petitioner's presence is required is reviewed for abuse of discretion. Id. (citing Machibroda v. United States, 368 U.S. 487 (1962)). Notwithstanding the court's ability to expand the record and its wide discretion in the matter, "[t]here will remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." 423 F.2d at 530. "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive . .. ." Id.

This case presents factual issues requiring an evidentiary hearing. The dispute is purely factual and turns upon a credibility determination of the witnesses. Stuffle alleges under penalty of perjury that he requested an appeal; his attorney denies in his affidavit that such a request was made. The district court cannot prefer the lawyer's affidavit to Appellant's verified pleadings without a hearing. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

With respect to Stuffle's double jeopardy claim, the district court dismissed the claim as frivolous without further discussion. The record does not reveal under which statute Stuffle's property was forfeited. The Supreme Court has recently ruled that an analysis of whether prosecution for an offense based upon the same conduct as a prior civil forfeiture violates double jeopardy requires an analysis of the individual forfeiture statute. See United States v. Ursery, ___ U.S. ___, 64 U.S.L.W. 4565, 4571-72 (U.S. June 24, 1996) (Nos. 95-345, 95-346). Accordingly, we find the record insufficient for appellate review because it is not clear which statute, if any, was used to forfeit Stuffle's property.*

We affirm the district court's order on all grounds except for whether Stuffle's attorney failed to file a notice of appeal as requested and whether Stuffle's conviction violates double jeopardy. With regard to these two issues, we vacate the district court's order and remand for further proceedings consistent with this opinion.

_____

*It may well be that Stuffle's claim was dismissed as frivolous because no property was actually forfeited. The record, however, is undeveloped on this point.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED