UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-7899

DELTON SCOTT STEVENS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-90-310, CA-94-3380-6-3AK)

Submitted: September 23, 1997

Decided: November 18, 1997

Before HALL and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Delton Scott Stevens, Appellant Pro Se. David Calhoun Stephens,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Delton Scott Stevens appeals from the district court's order denying his motion under 28 U.S.C. § 2255 (1994). [1] We vacate for the second time and remand for further proceedings.

Stevens was convicted, after a jury trial involving numerous defendants, of conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. In his § 2255 motion, Stevens raised various claims, including a claim that his counsel prevented him from testifying in his own behalf by threatening him with a more severe sentence if he testified and was convicted. Without a hearing and without giving Roseboro[2] notice, the district court dismissed Stevens' petition. Stevens timely appealed.

On appeal, neither the record nor the district court docket sheet contained an answer or other response from the Government. Although the district court did not refer to any responsive pleading from the Government in its final order, the order did reference an affidavit by Stevens' trial counsel. However, there was no reference in the record as to how the court obtained such an affidavit. The affidavit was subsequently added as a supplement to the record on appeal.

The affidavit stated that it was made "in support of the United States Attorney's response to the petitioner's motion." The Government's response was never located. Appellant contended, on appeal, that he never received either a response from the Government or his trial counsel's affidavit.

Trial counsel, in his affidavit, asserted that he advised Stevens of his right to testify, and Stevens decided to remain silent. In addition,

_____

[1] Stevens' motion was filed before the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The Supreme Court has determined that the AEDPA does not apply retroactively. See Lindh v. Murphy, 521 U.S. ___, 65 U.S.L.W. 4557 (U.S. June 2, 1997) (No. 96-6298).
[2] **Roseboro v. Garrison**, 528 F.2d 309 (4th Cir. 1975).

2

counsel attests that Stevens "indicated to the judge that he understood his rights and did not wish to testify." Counsel cited to certain pages of the trial transcript; however, the transcript was not part of the record and was not included as an affidavit exhibit.

We determined that the district court's failure to give Roseboro notice was harmless error as to most of Stevens' claims, because those claims lacked merit. However, we found that Stevens' claims of ineffective assistance of counsel arising from the alleged violation of his right to testify on his own behalf was potentially meritorious. We, therefore, vacated the portion of the district court's order regarding this claim and remanded to the district court with instructions to give Stevens notice and an opportunity to respond. We affirmed the remainder of the dismissal order substantially on the reasoning of the district court. United States v. Stevens, No. 95-6739 (4th Cir. Sept. 21, 1995) (unpublished).

On remand, the district court gave Roseboro notice to Stevens. According to Stevens, the notice included a copy of his trial counsel's affidavit, but not a copy of the Government's answer or motion.

Stevens responded by filing an opposition to the motion for summary judgment and attaching an affidavit. In the affidavit, Stevens alleges that, after hearing the testimony of his co-conspirators, he told his trial counsel that he wanted to testify. His counsel refused and stated that he would "make sure" Stevens received a severe sentence if he insisted upon testifying. Although he admits that the judge explained to him that he had a constitutional right to testify, Stevens describes the colloquy as follows: "all defendants answered affirmatively to the questions by the district court concerning their rights to testify or nor [sic] to testify." He goes on to assert that his acquiescence consisted of nodding his head and that his counsel waived the right on his behalf. Stevens further explains that he would have testified that he was working full time during the period he was supposedly selling drugs, that he stayed with his mother and did not own a car or any other assets, and that he was acquainted with members of the conspiracy but did not know the source of their cocaine and never received any cocaine from them. Finally, Stevens lists the names of witnesses who could confirm elements of his affidavit.

3

The district court found that the transcript revealed that the trial court thoroughly explained all of Stevens' rights and made it clear that the decision of whether or not to testify belonged solely to Stevens, and the district court, therefore, found that Stevens voluntarily waived his right to testify. Regarding the alleged threats, the district court failed to explicitly resolve this factual dispute, but did note that "the attorneys . . . followed proper procedure." Based on the colloquy, which is not included in the record, and the fact that sufficient evidence supported Stevens' convictions, the district court dismissed Stevens' motion. Stevens noted a timely appeal to this court. The record on appeal still does not contain any response from the Government or any relevant excerpts from the trial transcript.

If Stevens' counsel flagrantly disregarded Stevens' desire to testify and employed coercion, intimidation, or threats, Stevens has likely alleged sufficient facts to state a claim of ineffective assistance of counsel.[3] See Lema v. United States, 987 F.2d 48, 53 (1st Cir. 1993); Nichols v. Butler, 953 F.2d 1550, 1553 (11th Cir. 1992). Unless it is clear from the pleadings, files, and record that the prisoner is entitled to no relief, § 2255 makes a hearing mandatory. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Whether a hearing is necessary and whether petitioner's presence is required, are matters best left to the sound discretion of the district court. Id. at 530. Notwithstanding the court's discretion in the matter, "[t]here will remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." Id. "When the issue is one of credibility, resolution on basis of affidavits can rarely be conclusive . . . ." Id.

This case presents factual issues requiring an evidentiary hearing. The dispute is purely factual and turns upon a credibility determina-

_____

3 Even if Stevens can show that his counsel flagrantly disregarded his wishes, in order to show ineffective assistance, Stevens may also be required to show that his counsel's errors prejudiced his defense. See Lema v. United States, 987 F.2d 48, 53 n.4 (1st Cir. 1993)(collecting conflicting case law concerning whether denial of a defendant's right to testify is subject to "harmless-error" analysis). Since it is not clear on the present record whether Stevens can establish malfeasance by his trial attorney, we decline to address the issue at this time.

4

tion of the witnesses. Stevens alleges under penalty of perjury that his attorney coerced him into remaining silent; the attorney denies in his affidavit that such misdoing occurred. The district court cannot prefer the lawyer's affidavit to Appellant's without a hearing. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). While Stevens' declarations in open court carry a presumption of verity, see Blackledge v. Allison, 431 U.S. 63, 74 (1977), we find that the parsity of the record and the detailed allegations by Stevens necessitate a hearing.

We therefore vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

5