**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-7140

ISAAC EHI,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-90-252-MJG, CA-92-2916-MJG)

Submitted: November 25, 1997

Decided: December 19, 1997

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Isaac Ehi, Appellant Pro Se. Robert Reeves Harding, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Isaac Ehi appeals the district court's orders denying his motion under 28 U.S.C. § 2255 (1994) (current version at 28 U.S.C.A. § 2255 (West 1986 & Supp. 1997)), and denying his motion for reconsideration. Finding no reversible error, we affirm.

Ehi was convicted, following a jury trial, of conspiracy to import heroin, in violation of 21 U.S.C. § 963 (1994), and sentenced to serve 136 months imprisonment. His conviction and sentence were upheld on appeal.[1] The denial of Ehi's first § 2255 motion was also affirmed on appeal.[2]

Ehi now claims that his criminal prosecution and conviction violated the Double Jeopardy Clause because they both followed a civil forfeiture proceeding.[3] This claim is without merit. Civil forfeitures conducted under 21 U.S.C. § 881(a)(6) are intended as civil penalties and do not constitute punishment for purposes of the Double Jeopardy Clause.[4] Therefore, regardless of the chronology of the civil and criminal proceedings, we find that Ehi's criminal prosecution and conviction did not violate the Double Jeopardy Clause.

Next, Ehi claims that the Government unlawfully agreed to provide one of its witnesses, John Esemuede, with permanent legal residence in the United States in exchange for his testimony against Ehi. During his criminal trial, Ehi had full knowledge of Esemuede's plea agreement and actually cross-examined him on the promises contained in

---

[1] See **United States v. Ehi**, No. 91-5791 (4th Cir. June 9, 1992) (unpublished).
[2] See **United States v. Ehi**, No. 93-6762 (4th Cir. Mar. 16, 1994) (unpublished).
[3] See 21 U.S.C. § 881(a)(6) (1994) (forfeiture of proceeds from illegal drug activity).
[4] See **United States v. Ursery**, ___ U.S. ___, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996) (Nos. 95-345, 95-346); United States v. McHan, 101 F.3d 1027, 1039 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3826 (U.S. June 16, 1997) (No. 96-8994).

the agreement. Because Ehi could have raised this claim in his first § 2255 motion but did not, we dismiss it as abusive.

Finally, Ehi contends that the district court abused its discretion by disposing of his § 2255 motion without first conducting an evidentiary hearing. Ehi filed this second § 2255 motion after receiving an affidavit, purportedly by one of his co-conspirators, which stated that Esemuede's testimony regarding Ehi's participation in the conspiracy was not truthful. Ehi, however, did not sufficiently allege that the Government knowingly presented perjured testimony; therefore, he has failed to prove a denial of due process.[5] Accordingly, we find the district court did not abuse its discretion by disposing of Ehi's § 2255 motion without an evidentiary hearing.[6]

For the foregoing reasons, we affirm the district court's orders denying relief on Ehi's § 2255 motion and denying his motion for reconsideration. Further, we deny Ehi's request for general relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[5] **See United States v. Griley**, 814 F.2d 967, 970-71 (4th Cir. 1987) (denial of due process for Government to knowingly use perjured testimony against accused to obtain his conviction).
[6] **See Raines v. United States**, 423 F.2d 526, 529-30 (4th Cir. 1970) (plainly apparent movant not entitled to relief; therefore, dismissal without hearing is appropriate).

3