**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-6428

DERRICK JAMES HEINI,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-97-621, CA-98-3232-7-20)

Submitted: August 24, 1999

Decided: October 21, 1999

Before MURNAGHAN, ERVIN,* and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Derrick James Heini, Appellant Pro Se. Harold Watson Gowdy, III,
OFFICE OF THE UNITED STATES ATTORNEY, Greenville,
South Carolina, for Appellee.

_____

*Judge Ervin was assigned to the panel in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Derrick James Heini pled guilty to armed bank robbery. His attorney did not file a direct appeal. The district court dismissed his 28 U.S.C.A. § 2255 (West Supp. 1999) motion. On appeal Heini alleges two instances of ineffective assistance of counsel: that his attorney (1) failed to provide the district court with evidence of his mental health history and (2) failed to file a notice of appeal as directed. We affirm the dismissal of Heini's first claim on the reasoning of the district court. See United States v. Heini, Nos. CR-97-621; CA-98-3232-7-20 (D.S.C. Feb. 26, 1999). However, we vacate and remand for a hearing on the second issue.

By verified complaint,* Heini alleged that his attorney failed to file a notice of appeal as requested. By affidavit, trial counsel responded that Heini never requested an appeal. The district court resolved this credibility dispute without a hearing. The court found defense counsel honest and trustworthy based upon her prior service before the court; the court found Heini unreliable based upon the fact that he was a criminal defendant with a criminal history.

Counsel's failure to pursue an appeal requested by a defendant may constitute ineffective assistance of counsel regardless of the likelihood of success on the merits. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Unless it is clear from the pleadings, files and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory. See 28 U.S.C.A. § 2255; Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). We find that the district court erroneously made a credibility determination without an evidentiary hearing. See id.

_____

*See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding that a verified complaint can substitute for an affidavit opposing summary judgment).

2

Thus, we grant a certificate of appealability affirming the district court's dismissal of all claims except for whether Heini's attorney failed to file a notice of appeal as allegedly requested under Peak. Regarding the Peak issue, we vacate the district court's order and remand for an evidentiary hearing consistent with this opinion. See Raines, 423 F.2d at 529. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED