70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Chris SLUDER, Defendant-Appellant.
 No. 95-6321.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 15, 1995.
Decided Nov. 14, 1995.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. William L. Osteen, Sr., District Judge, sitting by designation. (CR-91-150)
 W.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Larry Chris Sluder, Appellant Pro Se.
 Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.
 Before HALL, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Larry Chris Sluder, appeals from the district court's order denying his 28 U.S.C. Sec. 2255 motion. We affirm the order in part, vacate the order in part, and remand for further proceedings.
 
 
 2
 Sluder pled guilty to using and carrying a firearm during the commission of a felony in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1995) and was sentenced to the mandatory minimum sentence of sixty months imprisonment. Pursuant to a plea agreement, the Government agreed to file a Sec. 5K1.1 motion for downward departure if Sluder provided "substantial assistance" to the Government. At the time of this appeal, the Government had not filed a Sec. 5K1.1 motion.
 
 
 3
 Sluder asserted five grounds for relief in his Sec. 2255 motion in district court: (1) his guilty plea was coerced; (2) his conviction violates double jeopardy; (3) there is insufficient evidence to support his guilty plea, and therefore his sentence is illegal; (4) he was denied his right to appeal because his attorney failed to note his appeal as requested; and (5) his trial attorney rendered ineffective assistance. The court properly denied all grounds. We affirm the district court's order in all respects based upon the court's reasoning except as to whether Sluder's trial counsel failed to file a requested notice of appeal and whether Sluder received effective assistance of counsel in that respect. On those issues alone, we vacate the district court's order and remand for further proceedings consistent with this opinion.
 
 
 4
 By verified complaint, Sluder alleged that his attorney refused to file a notice of appeal as requested. By affidavit, trial counsel responded that Sluder never requested an appeal. The district court resolved this factual dispute as follows:
 
 
 5
 [A]ffidavits from Sluder's counsel unequivocally state that at the time of sentencing and thereafter, Sluder never requested that counsel file a notice of appeal as to either his guilty plea or his sentencing. The court finds this sworn statement of counsel to be persuasive evidence that Sluder never requested that a notice of appeal be filed, and relief will not be granted on this basis.
 
 
 6
 There was no responsive pleading from the Government. The district court supplemented the record with affidavits from Sluder's counsel sua sponte pursuant to Rule 7 of the Rules Governing Sec. 2255 Proceedings.
 
 
 7
 Counsel's failure to pursue an appeal requested by a defendant may constitute ineffective assistance of counsel regardless of the likelihood of success on the merits. United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993). Unless it is clear from the pleadings, files and records that the prisoner is not entitled to relief, Sec. 2255 makes an evidentiary hearing mandatory. 28 U.S.C. Sec. 2255 (1988); Raines v. United States, 423 F.2d 526, 529 (4th Cir.1970). The district court may expand the record to include letters, documents and affidavits. Raines, 423 F.2d at 529-30. A district court's decision of whether a hearing is mandatory under Sec. 2255 and whether petitioner's presence is required at the hearing is reviewed for abuse of discretion. Id. at 530. (citing Machibroda v. United States, 368 U.S. 487 (1962)). Notwithstanding the court's ability to expand the record and its wide discretion in the matter, "[t]here will remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." Id. "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive...." Id.
 
 
 8
 We find factual issues requiring an evidentiary hearing. The dispute is purely factual and turns upon a credibility determination of the witnesses. Sluder alleges under oath he requested an appeal; his attorney denies under oath that such a request was ever made. Resolution of this dispute cannot be made on affidavits alone.
 
 
 9
 We affirm the district court on all grounds except for whether Sluder's attorney failed to file a notice of appeal as allegedly requested and whether Sluder received effective assistance of counsel in that respect. With regard to those issues, we vacate the district court's order and remand for further proceedings consistent with this opinion.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. We deny Sluder's motion for appointment of counsel.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED