**Tremaine Lamont MURPHY**

v.

**UNITED STATES of America.**

**No. Civ. HNM 99 2073.**

United States District Court,
D. Maryland.

Jan. 14, 2000.

MEMORANDUM

HERBERT N. MALETZ, Senior
Judge.[1]

On May 6, 1998, Tremaine Lamont Murphy was convicted by a jury of violating 18
U.S.C. § 922(g)(1). He was sentenced to a
term of 44 months imprisonment followed
by a period of two years supervised release. Currently before this court is a
motion to vacate, set aside or correct his
sentence pursuant to 28 U.S.C. § 2255
(1994), *amended by* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.
No. 104–132, 110 Stat. 1214. In support of
his motion, Murphy makes the following
claims: 1) that his attorney was ineffective
for failing to file a direct appeal; and 2)
that he is entitled to a downward departure in light of his post-conviction rehabilitative efforts.

After careful consideration of these issues, the court denies the motion.

First, Murphy alleges that he received
ineffective assistance of counsel because
his attorney did not file an appeal on his
behalf. The Supreme Court has adopted a
two-prong test for determining whether a
defendant has received adequate assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984). A petitioner must
prove that his attorney's conduct fell below
an "objective standard of reasonableness,"
and that such deficient performance
caused him prejudice. *See Id.* at 687–91,
104 S.Ct. 2052. Prejudice is defined as "a
reasonable probability that, but for counsel's unprofessional errors, the result of
the proceedings would have been different." *Id.* at 694, 104 S.Ct. 2052. According to *Strickland,* there exists a strong
presumption that counsel's conduct was
within a wide range of reasonably professional conduct, and courts must be highly
deferential in scrutinizing counsel's performance. *See Id.* at 688–89, 104 S.Ct. 2052.

Lynne A. Battaglia, United States Attorney, Baltimore, MD, John F. Purcell, Jr.,
Assistant United States Attorney, for U.S.

Tremaine Lamont Murphy, petitioner
pro se.

[1]. Of the United States Court of International Trade, sitting by designation.

 In applying the *Strickland* test to the facts of this case it is clear that counsel's decision not to appeal does not constitute ineffective assistance. As Murphy accurately notes, it is incumbent upon an attorney to inform a defendant of his right to appeal, *Nelson v. Peyton,* 415 F.2d 1154 (4th Cir.1969). Furthermore, counsel's failure to pursue a *requested* appeal raises a colorable claim of ineffectiveness even if the defendant would not have prevailed on appeal. *See Becton v. Barnett,* 920 F.2d 1190, 1195 (4th Cir.1990). Finally, should a court-appointed attorney feel that an appeal would be wholly frivolous, he is required to notify the court, request permission to withdraw, and file a brief stating any arguable issues for appeal, *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); such briefs are commonly referred to as *Anders* briefs.

Murphy claims his attorney failed to file an appeal after it was requested, and that his attorney did not comply with *Anders* when terminating representation. In response to Murphy's allegations, the government attached to its answer an affidavit from Jeffrey E. Risberg, Assistant Federal Public Defender, who represented Murphy at trial. In the affidavit Mr. Risberg maintains that after both the conviction and sentencing, he fully advised Murphy of his right to appeal. He also states that he advised Murphy not to appeal for the following reasons: "(1) upon review of his entire case, [he] was not able to identify any non-frivolous trial or sentencing issue upon which to appeal and; (2) if [Murphy] appealed, [he] believed the government would cross-appeal a favorable ruling by Judge Maletz at sentencing, which reduced the applicable sentencing guideline range to which Mr. Murphy was subject." Mr. Risberg goes on to state that he was concerned that the Fourth Circuit would likely reverse Judge Maletz's favorable ruling which would result in a higher sentence for Murphy.

Additionally, the government has provided the court with a file memo from Mr. Risberg dated August 4, 1998. This memo corroborates the statements made by Mr. Risberg in his affidavit, and further states, "In the end, Tremaine took my advice. He told me he was comfortable not appealing. I reminded him that it was his decision and if he told me to appeal, I would. He did not ask me to do so." The affidavit and the contemporaneous file memo, contrasted with Murphy's bare, self-serving assertions do not create a genuine issue of fact; therefore, a hearing is not required and the motion is denied.

The court is well aware that the Fourth Circuit has said, "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive...." *Raines v. United States,* 423 F.2d 526, 530 (4th Cir.1970). In fact, in *United States v. Sluder,* 70 F.3d 113, No. 95–6321, 1995 WL 674603 (4th Cir. Nov.14, 1995) (unpublished), the exact issue contested here presented itself. The petitioner claimed that he had requested an appeal and the attorney maintained that such a request was never made. Both statements were made in the form of affidavits, and the district court, relying *solely* on the affidavits, denied the motion without a hearing. The Fourth Circuit remanded the case for a hearing holding that, "Resolution of this dispute cannot be made on affidavits *alone.*" *Id.* at * 2 (emphasis added).

The present case is different in only one important respect. Aside from mere affidavits from both parties, the court has been provided with a file memo that memorialized the conversations between counsel and the petitioner regarding whether to file an appeal. This memo lends much credence to counsel's insistence that Murphy never requested an appeal; therefore, a hearing is not necessary.

The court is not deciding this issue based upon the affidavits alone, but rather with the benefit of a contemporaneously drafted file memo. This distinction sets this case apart from *Sluder,* and obviates

the need for a hearing. In *Becton,* 920 F.2d 1190, the Fourth Circuit noted that an evidentiary hearing was necessary to decide a very similar question, but noted, "Proper records of counsel might have cleared up this issue; however, none were presented." *Id.* at 1195. The "proper records" are present in this case, and the record clearly indicates that Murphy never requested that an appeal be filed; therefore, his attorney was not deficient for failing to file one.

■ Murphy also claims that he is entitled to a downward departure based on his post-conviction rehabilitative efforts. Although the court recognizes that Murphy has taken several courses while incarcerated, and received his general equivalency diploma, he is not entitle to a reduction of his sentence. The sentencing guidelines do not provide for a departure based on rehabilitative efforts, and the court finds that Murphy's accomplishments, although significant, do not take his case out of the "heartland" of the guidelines. Departures based on factors that are not mentioned in the guidelines are permissible only when exceptional circumstances exist to remove the case from "the Guideline's [sic] heartland." *See Koon v. United States,* 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Both the Supreme Court and the Sentencing Commission noted that such departures would be "highly infrequent." *See Id.* and U.S.S.G. Ch. 1 Pt. A4(b). The exceptional circumstances for such a departure are not present in this case.

For the foregoing reasons, the motion is denied.