UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　*Plaintiff-Appellee,*

v.

LOUIS E. PEYTON,

　　　　*Defendant-Appellant.*

No. 00-7212

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James R. Spencer, District Judge.
(CR-97-33, CA-00-42-1)

Submitted: March 30, 2001

Decided: June 15, 2001

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

**COUNSEL**

Cheryl Johns Sturm, Chadds Ford, Pennsylvania, for Appellant. Brian
Huseman, OFFICE OF THE UNITED STATES ATTORNEY, Alex-
andria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Louis E. Peyton seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000). We have reviewed the record and the district court's opinion and find no reversible error with respect to most of Peyton's claims.* However, we note that Peyton's affidavit successfully created a genuine issue of material fact with respect to counsel's advice regarding the propriety of a guilty plea. *See Strickland v. Washington*, 477 U.S. 668, 687-88 (1984). The district court erred in dismissing this claim without a hearing. Rules Governing Section 2255 Proceedings, Rule 8; *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Accordingly, although we affirm substantially on the reasoning of the district court with respect to all other claims, we vacate the portion of the district court's order dismissing Peyton's claim relating to the sufficiency of counsel's advice regarding a guilty plea. We remand for further proceedings not inconsistent with this holding. We grant Peyton's motion to file a supplemental brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

*We have considered and rejected the possibility of reversible error in the wake of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. White*, 238 F.3d 537, 542 (4th Cir. 2001); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000).