UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                            No. 02-6586

LEVY SAMUEL STEPHEN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-96-197, CA-99-397-5-F)

Submitted: September 20, 2002

Decided: October 10, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Dismissed in part and vacated and remanded in part by unpublished per curiam opinion.

## COUNSEL

Levy Samuel Stephen, Appellant Pro Se. Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Levy Samuel Stephen seeks to appeal the district court's order denying his motion filed under 28 U.S.C. § 2255 (2000). For the reasons discussed below, we deny a certificate of appealability and dismiss in part and grant a certificate of appealability and vacate and remand in part.

Stephen filed a § 2255 motion raising several claims, including that his counsel provided ineffective assistance by inducing his guilty plea by promising him a seven to twelve year sentence. He received a sentence of 360 months. The district court summarily dismissed all of Stephen's claims. The only issue Stephen asserts on appeal is that the district court erred by summarily denying his claim that counsel provided ineffective assistance by promising him a shorter sentence if he pled guilty; therefore, this is the only issue before us for review. *See* 4th Cir. R. 34(b).

An evidentiary hearing is required under 28 U.S.C. § 2255 unless it is conclusive from the pleadings, files, and records that a movant is not entitled to relief. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Where the movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated. *See United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992). Stephen submitted an affidavit averring that counsel told him that he would be sentenced to no more than twelve years and as low as seven years if he pled guilty, and he informed Stephen that this agreement was not to be disclosed to the court. Stephen also submitted an affidavit from his sister averring that counsel told her of the seven to twelve year sentence that Stephen would receive if he pled guilty, and counsel requested that she influence Stephen to plead guilty. We have reviewed the record, including the Fed. R. Crim. P. 11 hearing, and find that because it is not conclusive that Stephen is entitled to no relief, the district court erred by not holding an evidentiary hearing on this issue.

We conclude Stephen has made a substantial showing of the denial of a constitutional right and grant a certificate of appealability as to

Stephen's ineffective assistance of counsel claim concerning counsel's alleged inducement for him to plead guilty. *See* 28 U.S.C. § 2253(c) (2000). We also vacate the district court's order denying relief on that claim and remand it to the district court for further proceedings consistent with this opinion. We deny a certificate of appealability and dismiss the appeal as to the remainder of Stephen's claims asserted in the district court because they were not asserted on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; VACATED*
*AND REMANDED IN PART*