**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-7204**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BINH DUY PHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (CR-02-275; CA-04-655-1)

Submitted:  April 26, 2006          Decided:  May 25, 2006

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Binh Duy Pham, Appellant Pro Se.  LeDora Knight, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Binh Duy Pham appealed from the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion, in which Pham asserted claims of ineffective assistance of counsel and challenged his sentence on Sixth Amendment grounds. This court granted a certificate of appealability on the issue of whether counsel was ineffective for allegedly insisting that Pham testify at trial, failing to advise him of his right not to testify, and failing to warn him that his testimony could result in an obstruction of justice enhancement. The court denied a certificate of appealability and dismissed the appeal with regard to all other issues. For the reasons that follow, we now vacate the district court's order as to the issue on which we granted a certificate of appealability and remand with instructions for the court to conduct further proceedings.

A grand jury indicted Pham on one count of distribution of ecstasy, in violation of 21 U.S.C. § 841(a) (2000), and one count of conspiracy to distribute ecstasy, in violation of 21 U.S.C. § 846 (2000). After two days of trial during which Pham testified in his own defense, the jury convicted Pham on both counts of the indictment. The district court sentenced Pham to seventy-eight months in prison, a sentence that reflected an enhancement for obstruction of justice based on the court's conclusion that Pham had given false testimony. Pham's direct appeal was unsuccessful.

In the only issue remaining in this appeal from the denial of § 2255 relief, Pham claims that counsel was ineffective because counsel insisted that Pham testify at trial and failed to advise him that he had the right not to testify and that he could face an obstruction of justice enhancement in his sentence if he testified. To succeed on his claim of ineffective assistance of counsel, Pham must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue. United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). A district court's decision concerning whether a hearing is mandatory under § 2255 is reviewed for abuse of discretion. Raines, 423 F.2d at 530.

To counter Pham's claim, the government submitted the affidavit of Pham's trial counsel. In the affidavit, counsel stated that

[a]lthough I did not force Mr. Pham to testify, I do have a specific recollection of telling him that for him to have any chance of persuading a jury that his theory of the case was true it would require him to testify, [sic] I further have a specific recollection of advising him that the potential sentencing risk in trying his case was that . . . if he went to trial and testified falsely . . . he would likely be assessed a 2 point enhancement in his sentencing guidelines for obstruction of justice.

The district court relied on counsel's affidavit in concluding that Pham did not receive ineffective assistance of counsel, thus crediting counsel's statement that he did not compel Pham to testify and that he warned Pham about the risk of an obstruction of justice enhancement. However, Pham submitted his claim under penalty of perjury and included three affidavits from relatives and a friend who all asserted that they were present during all meetings between Pham and his attorney and that counsel insisted that Pham testify and never advised Pham that he did not have to testify or warned him that his testimony could result in an obstruction of justice enhancement.

In light of the dispute in fact regarding Pham's ineffective assistance of counsel claim, we find that a credibility determination is necessary in order to resolve the issue. Accordingly, we vacate the portion of the district court's order denying relief on Pham's claim that counsel was ineffective for insisting that he testify, failing to advise him of his right not to testify, and failing to warn him that his testimony could result in an obstruction of justice enhancement, and remand for further proceedings. We dispense with oral argument because the facts and

- 4 -

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>