**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6021

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY ALLEN BAILEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (CR-94-111; CA-05-505-3)

Submitted: June 21, 2006      Decided: July 5, 2006

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jerry Allen Bailey, Appellant Pro Se. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerry Allen Bailey, a federal prisoner, seeks to appeal the district court's order that construed his petition for a writ of error coram nobis as a motion under 28 U.S.C. § 2255 (2000) and dismissed it as a successive motion for which authorization had not been obtained. We find the district court properly construed the motion as one under § 2255. See Raines v. United States, 423 F.2d 526, 528 & n.1 (4th Cir. 1970); see also Gonzalez v. Crosby, 125 S. Ct. 2641, 2647 (2005) (when a motion is "in substance a successive habeas petition," it "should be treated accordingly").[1]

Because Bailey's petition was properly construed as a § 2255 motion, the order dismissing the motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Jones v. Braxton, 392 F.3d 683 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of his constitutional claims by the district court is debatable or wrong and that any dispositive

---

[1]Bailey asserts on appeal that the district court should have construed his claim under 28 U.S.C. § 2241 (2000). Because § 2255 has not been rendered inadequate to address Bailey's claims, see In Re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), we conclude the district court did not err in construing his petition as arising under § 2255 rather than § 2241.

- 2 -

procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Bailey has not made the requisite showing.[2] Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[2]To the extent Bailey's petition is construed as a motion for authorization to file a successive § 2255 motion, that claim fails, as Bailey has failed to allege: (1) newly discovered evidence; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see also United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding Booker is not retroactively applicable to cases on collateral review).