**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-7468**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ARMOND RASHAWN WRIGHT,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:04-cr-00618-PMD-1; 2:11-cv-70092-PMD)

───────────

Submitted: July 25, 2013          Decided: August 12, 2013

───────────

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Armond Rashawn Wright, Appellant Pro Se. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Armond Rashawn Wright appeals the denial of his 28 U.S.C.A. § 2255 (West Supp. 2013) motion. We previously granted a certificate of appealability on Wright's claim that counsel was ineffective in failing to note an appeal as directed. After additional briefing, we vacate the district court's order and remand for further proceedings.

In his § 2255 motion, Wright claimed that he explicitly requested that counsel file a notice of appeal. Wright presented an affidavit to this effect, as well as an affidavit from his grandmother attesting that Wright, in her presence, requested the filing of a notice of appeal. The Government presented an affidavit from counsel attesting that Wright never requested that a notice of appeal be filed.

In United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993), this court held that counsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance. Under 28 U.S.C.A. § 2255(b), unless the pleadings, files, and records conclusively show that the prisoner is not entitled to relief, the district court shall hold an evidentiary hearing. United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000). While whether an evidentiary hearing is necessary is generally left to the sound discretion of the district judge, we long ago recognized that there remained "a category of

2

petitions, usually involving credibility, that will require an evidentiary hearing in open court."  Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970).

Wright's claim that counsel failed to file a notice of appeal when requested, if believed, states a colorable claim of ineffective assistance.  Peak, 992 F.2d at 41-42.  However, the district court denied Wright's motion after determining that his claim lacked credibility.  In light of the parties' conflicting affidavits, the record did not conclusively show that Wright was not entitled to relief.  28 U.S.C.A. § 2255(b); Raines, 423 F.2d at 530 ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive.").  The district court therefore abused its discretion in concluding, without an evidentiary hearing, that Wright did not direct counsel to file a notice of appeal.

Accordingly, we vacate the district court's order and remand for an evidentiary hearing.  We deny Wright's motion for an extension of time to reply as moot, and deny his motions to appoint counsel and for a transcript at Government expense.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

3