**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6952**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

HUMBERTO DIAZ, Jose Humberto Diaz,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever, III, Chief District Judge. (7:09-cr-00100-D-3; 7:11-cv-00043-D)

Submitted: November 5, 2013      Decided: December 4, 2013

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Vacated in part, dismissed in part, and remanded by unpublished per curiam opinion.

Humberto Diaz, Appellant Pro Se. Ethan A. Ontjes, Assistant United States Attorney, Michael Gordon James, Tobin Webb Lathan, Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Humberto Diaz seeks to appeal the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2013) motion. We previously granted a certificate of appealability with respect to Diaz's claim that counsel rendered ineffective assistance in failing to note a direct appeal as requested. After additional briefing, we vacate in part and remand and dismiss the appeal in part.

In his § 2255 motion, which was verified in compliance with 28 U.S.C. § 1746 (2006), Diaz claimed that he requested that counsel file a notice of appeal. The Government presented an affidavit from counsel attesting that Diaz never requested that a notice of appeal be filed.

In United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993), this court held that counsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance. Under 28 U.S.C.A. § 2255(b), unless the pleadings, files, and records conclusively show that the prisoner is not entitled to relief, the district court shall hold an evidentiary hearing. United States v. Witherspoon, 231 F.3d 923, 925–27 (4th Cir. 2000). Whether an evidentiary hearing is necessary is generally left to the sound discretion of the district judge, but we long ago recognized that there remains "a category of petitions, usually involving credibility, that will require an evidentiary

hearing in open court." <u>Raines v. United States</u>, 423 F.2d 526, 530 (4th Cir. 1970).

Diaz's claim that counsel failed to file a notice of appeal when requested, if believed, states a colorable claim of ineffective assistance. <u>Peak</u>, 992 F.2d at 41-42. However, the district court denied relief with respect to this claim after determining that it lacked credibility. In light of Diaz's claim, under penalty of perjury, that counsel failed to honor his request to file a notice of appeal and counsel's conflicting affidavit denying that Diaz asked him to note an appeal, the record did not conclusively show that Diaz was not entitled to relief. 28 U.S.C.A. § 2255(b); <u>see</u> <u>Raines</u>, 423 F.2d at 530 ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive."). The district court therefore abused its discretion in concluding, without an evidentiary hearing, that Diaz did not direct counsel to file a notice of appeal.

Accordingly, we vacate that portion of the district court's order denying relief on Diaz's claim that counsel rendered ineffective assistance in failing to file a notice of appeal as requested and remand for further proceedings as to

this issue.[*] We previously denied a certificate of appealability as to Diaz's remaining claim of ineffective assistance and dismiss the appeal as to that claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED IN PART</u>,
<u>DISMISSED IN PART</u>,
<u>AND REMANDED</u>

---

[*] By this disposition, we indicate no view as to the appropriate outcome of the proceedings on remand.